### 14690.   CHAMBLEE *v.* COLT COMPANY.

Where a purchaser refuses to take and pay for goods bought by him, and the seller stores or retains them for the vendee and sues for the entire price, it is not necessary that the goods be stored in this State.
"The validity and obligation of a contract is a matter to be governed by the lex loci contractus. The remedies for the enforcement of liabilities arising under a contract are matters governed by the lex fori."
The court did not err in directing a verdict for the plaintiff.
DECIDED OCTOBER 3, 1923.

Complaint; from Milton superior court—Judge Blair.   April 28, 1923.

J. B. Colt Company sued S. T. Chamblee for the purchase price of a certain carbide generator and appliances, which it alleges were stored for the defendant after his refusal to accept and pay for them. The undisputed evidence shows that on November 3, 1919, the defendant gave a written order for the goods in question; that on November 11, 1919, the plaintiff accepted the order and so notified the purchaser, by letter, and in the letter said that "shipment will be made according to the instructions in said contract;" that on November 17, 1919, defendant wrote a letter to plaintiff,

seeking to countermand the order, saying, "I do not think it will suit me;" that on or about November 24, 1919, the plaintiff shipped the goods by rail to the defendant at Roswell, Georgia; that the defendant refused to accept the goods and they were returned to the plaintiff and were stored for the defendant. The court, on the foregoing facts being shown, directed a verdict for the plaintiff, and the defendant excepted.

*George F. Gober, G. B. Walker,* for plaintiff in error.

*E. W. Coleman,* contra.

BLOODWORTH, J. (After stating the foregoing facts.) An examination of the facts in the case of *Dunaway* v. *Colt Co.,* 26 *Ga. App.* 554 (106 S. E. 599), will show that they are substantially the same as in this case, and we think that the rulings in that case are controlling in this one. However, counsel for plaintiff in error seeks to raise two questions which he claims were not passed upon in that case. First, he says that under the provisions of section 4131 of the Civil Code of 1910, where the purchaser refuses to take and pay for the goods ordered, and the seller elects to store or retain the goods for the vendee and sue him for the entire price, he should store the goods in Georgia. In this contention we cannot agree with learned counsel. This is not required by the statute. In the second place, it is insisted that the contract provided that it would not be binding upon the seller until accepted by one of its officers, and that the acceptance having been signed in New York, this made it a New York contract, and as it was neither pleaded nor shown what the New York law was, the common law is presumed to be of force there, and the contract should be construed under the common law.

The Civil Code (1910), § 8, provides that "The validity, form, and effect of all writings or contracts are determined by the laws of the place where executed." Granting that the fact that the contract was accepted by the Colt Company in New York made it a New York contract, neither the validity nor the construction of the contract is questioned. It is not claimed that the contract itself is illegal and invalid under the New York law, but it is contended that under the law of that State the only remedy of the plaintiff would be a suit for a breach of the contract. The real controversy in this case is as to the remedy the plaintiff would have under the contract in the courts of this State. "The manner in

which this question shall be determined, being a matter affecting the remedy only and not the 'validity, form or effect of the contract,' is to be controlled by the lex fori, and not by the lex loci contractus." *Mass. Benefit Life Asso.* v. *Robinson,* 104 *Ga.* 256 (8) (30 S. E. 931, 42 L. R. A. 261). In the opinion in that case (p. 286) Justice Cobb said: "That the lex loci controls as to the validity, form, and effect of the contract, and the lex fori as to the remedies thereon, is simply a statement of elementary law. -The courts of the State of Georgia will recognize this contract as a valid contract, because it appears to be such under the laws of Massachusetts and is clearly such under the laws of this State, but will give the plaintiff and the defendant respectively, for the purpose of enforcing it on the one hand or defeating it on the other, such remedies only as are given to other persons who sue or are sued in the courts of this State." And (p. 287) "when a party comes into the courts of this State to enforce his remedy upon his contract, that remedy will be enforced in accordance with the laws of this State regulating that remedy." In *Joice* v. *Scales,* 18 *Ga.* 725 (1), it was held: "As a general principle, the lex loci applies only to the interpretation of contracts, and the remedy on them must be prosecuted according to the laws of the country in which the action is brought." In *Davis* v. *DeVaughn,* 7 *Ga. App.* 324 (66 S. E. 956), it was held: "The validity and obligation of a contract is a matter to be governed by the lex loci contractus. The remedies for the enforcement of liabilities arising under a contract are matters governed by the lex fori." In the opinion in this case (p. 325) Judge Powell said: "Where a contract, express or implied, is made in one State and an effort is made to enforce it in another, the law of the former State governs in determining what the obligation of the contract is, and in determining its validity and effect, but the question of what remedy the plaintiff shall pursue, when the obligation and effect of the contract have been ascertained and determined, is to be decided solely with regard to the law of the forum." See *Toomer* v. *Dickerson,* 37 *Ga.* 428, 440; *Obear* v. *First Nat. Bank of Birmingham,* 97 *Ga.* 587 (25 S. E. 335, 33 L. R. A. 384).

From the rulings in the foregoing cases it is clear that the courts of this State, in enforcing a contract made in another State, will be governed by the law of that State so far as the "validity, form,

and effect" of the contract is concerned, but that, as in this case, in a matter affecting merely the remedy or procedure to be followed, the laws of this State will control.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*