15891. NATIONAL LIFE & ACCIDENT INSURANCE CO. *v.* SMITH.

STEPHENS, J. 1. The term "sound health," as used in a life insurance policy which provides that there shall be no liability under the policy if the insured is not in sound health at the date of the issuance of the policy, is properly defined in the charge of the court as follows: "If the insured enjoyed such health and strength as to justify the reasonable belief that she is free from derangement of organic functions, or free from symptoms calculated to cause reasonable apprehension of such derangement, and to ordinary observation and to outward appearance her health is reasonably such that she may with ordinary safety be insured and upon ordinary terms, the requirement of good health is satisfied. . . The terms 'sound health' or 'good health,' used in a policy, mean that the applicant has no grave impairment or serious disease, and is free from any ailment that seriously affects the general soundness and healthfulness of the system." Under this definition "sound health" consists not alone in the outward appearance of sound health, but also in a reasonable freedom from physical derangement and impairment as above defined. See, in this connection, Joyce on Insurance (2d ed.), § 2004, *Atlantic & Birmingham R. Co.* v. *Douglas*, 119 *Ga.* 658 (46 S. E. 867).

2. This being a suit to recover by the beneficiary under a life insurance policy, which was defended upon the ground that the insured at the time of the issuance of the policy was not in sound health, and that she, in her application for insurance, made false and fraudulent representations as to her physical condition, thereby fraudulently inducing the insurer to issue the policy, and it appearing from the evidence

that the jury was authorized to find that the insured was in sound health at the time of the issuance of the policy and did not make the false and fraudulent statements as alleged, the verdict for the plaintiff was authorized.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED AUGUST 20, 1925.

Complaint; from city court of Savannah—Judge Freeman. August 22, 1924.

*N. J. Norman, I. C. Farthing,* for plaintiff in error.

*George G. Heyward Jr.,* contra.