*C. N. King, W. C. Martin, Maddox, McCamy & McFarland,* contra.

---

15805. MUTUAL LIFE INSURANCE CO. *v.* BROWN, administrator.

STEPHENS, J. 1. Where a physician has, in behalf of a life-insurance company, examined an applicant for insurance whose application has been procured by a soliciting agent of the company, an acceptance of the physician's report with knowledge of this fact, and the issuance to the applicant of a policy of insurance based upon the report, amount to a ratification of the act of the physician in making the examination for the company; and it follows that the physician in making the examination acted to all intents and purposes as the duly authorized agent of the company.

(*a*) It is not a requisite to such ratification that the insurer, through its officers who accepted the report of the physician and issued the policy, should have actual knowledge of all the information given to the physician by the applicant in the course of the examination.

(*b*) Any such information given by the applicant to the physician making the examination in behalf of the company, although it is not reported to the officers of the company whose duty it is to pass upon applications and issue insurance, is nevertheless notice to the company.

2. Where the answers made to the physician by the applicant, in response to certain questions propounded to him by the physician, are not recorded by the physician and are not reported by the physician to the officers of the company whose duty it is to pass upon applications and issue policies of insurance, and although the applicant may have signed the record of his answers made by the physician, and certified that "each and all of the foregoing statements and answers were read by me and are fully and correctly recorded by the medical examiner," the company can not, against a suit on the policy, defend on the ground that the applicant withheld certain material information and thereby fraudulently induced the company to issue the policy. This is true notwithstanding a provision in the policy to the following effect: "This policy and the application herefor, copy of which is endorsed hereon or attached hereto, constitute the entire contract between the parties hereto. All statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties, and no such statement of the insured shall avoid or be used in defense to a claim under this policy, unless contained in the written application herefor and a copy of the application is endorsed on or attached to this policy when issued."

3. An applicant for life insurance, when giving to the company's medical examiner information in response to questions propounded to him by the examiner, has a right to rely upon a discharge by the medical examiner of his duty to properly report the answers to the company. The insured is therefore under no duty afterwards to make an examination of the policy to ascertain upon what representations the policy purports to have been issued.

4. Where the beneficiary of a life-insurance policy is the estate of the insured, it is immaterial that the proof of death of the insured, when properly made out and submitted, is furnished by the husband of the deceased as sole heir of the deceased and not by the representative of the estate. Especially is this true when the husband is afterwards appointed administrator of the estate and maintains the suit as plaintiff to recover under the policy.

5. This being a suit by the administrator of the insured to recover upon the policy, which was made payable to the decedent's estate, and which suit is defended upon the ground of fraud, and it appearing without dispute from the evidence not only that the company ratified the acts of the physician in making for the company the examination of the applicant for the insurance, but that, at the time, the physician had already been "arranged with" by the company's superintendent of agents, to examine applicants for insurance in the defendant company in the territory of the insured's residence, and it appearing without

dispute that the information relied upon by the defendant as having been fraudulently withheld from the company by the insured, by having been omitted from the written answers made by the medical examiner, had in fact been given to the medical examiner by the insured, and that therefore the company had notice and was not defrauded, the defense of fraud is not sustained.

6. Applying these rulings and the rulings made in this case when before this court upon another occasion, as reported in 29 *Ga. App.* 794 (116 S. E. 559), the court properly overruled the fifty-seven grounds of the defendant's motion for a new trial.

7. See, in this connection, Cooley's Briefs on the Law of Insurance, vol. 3, pp. 2561, 2572; Sternaman *v.* Metropolitan Life Ins. Co., 170 N. Y. 13 (63 N. E. 763, 57 L. R. A. 318, 88 Am. St. Rep. 625); Manhattan Life Ins. Co. *v.* Carder, 82 Fed. 986; McElroy *v.* British America Assur. Co., 94 Fed. 990; Cranston *v.* West Coast Life Ins. Co., 72 Or. 116 (142 Pac. 762); Abraham *v.* North German Ins. Co., 40 Fed. 717.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 9, 1925.

Action on insurance policy; from Ben Hill superior court—Judge Crum. June 16, 1924.

Application for certiorari was denied by the Supreme Court.

*Frederick L. Allen, Quincey & Rice, Smith, Hammond & Smith,* for plaintiff in error.

*C. W. Bussell, A. J. & J. C. McDonald,* contra.