DECIDED JANUARY 12, 1932.

*Hilch, Denmark & Lovett,* for plaintiff.
*Anderson, Cann & Cann,* for defendant.

21739. GUARANTY LIFE INSURANCE COMPANY *v.* MARTIN.

BROYLES, C. J. 1. Under the evidence adduced upon the trial, the question whether the insured was in sound health at the date of the issuance of the policy of insurance was for determination by the jury, and their finding that he was in such health at that date (as shown by their verdict) was authorized. See, in this connection, *National Life &c. Co.* v. *Smith*, 34 *Ga. App.* 242 (129 S. E. 113); *National Life &c. Co.* v. *Martin*, 35 *Ga. App.* 1 (132 S. E. 120).

2. The insurance company's defense to this suit was that the policy never took effect, because the insured was not in sound health when the policy was issued. Upon the trial the evidence on this vital issue was conflicting and would have supported a finding in favor of either party. Under these facts the finding of the jury (as shown by their verdict allowing attorney's fees in addition to the amount awarded the plaintiff on the policy), that it was made to appear to them that the refusal of the defendant company to pay the loss was in bad faith, was not authorized by the evidence. However, the evidence supported the verdict with the exception of the amount allowed for attorney's fees. Therefore, if the plaintiff, when the remittitur from this court is made the judgment of the lower court, will write off from the verdict and judgment the sum

of $50 (the amount returned for attorney's fees), the judgment will stand affirmed; otherwise it will be reversed.

*Judgment affirmed on condition. Luke, J., concurs. Bloodworth, J., absent on account of illness.*

DECIDED JANUARY 12, 1932.

*A. T. Walden,* for plaintiff in error. *M. G. Russell,* contra.