22011.   TERRELL *et al. v.* FOREST PARK CONSOLIDATED SCHOOL
DISTRICT *et al.*

JENKINS, P. J.   Under the answers returned by the Supreme Court to the questions certified to it in this case (175 *Ga.* 88, 165 S. E. 122), the election for the school-district bonds sought to be validated was void on account of not having been legally called, since it appears without dispute that the petition for such election was not signed by one fourth of the registered qualified voters of the school district.   Accordingly, the court erred in validating and confirming the issue of bonds.

*Judgment reversed. Stephens and Sutton, JJ., concur.*

DECIDED SEPTEMBER 21, 1932.   REHEARING DENIED OCTOBER 1, 1932.

*Olin T. Lester, J. Wightman Bowden,* for plaintiffs in error.
*O. J. Coogler,* contra.

. ON MOTION FOR REHEARING.

By a motion for rehearing, counsel for the proponents of the bonds sought to be validated in this case insist that a great injustice has resulted to the defendants in error by reason of the adjudication of this court reversing the judgment of the trial court validating and confirming the issue of school bonds, and holding that it appeared without dispute from the record in the trial court that the petition for the school-bond election was not signed by the requisite one fourth of the registered qualified voters of the school district. This is the first time that any contention has been made or suggested that the record on which the case was decided did not speak the truth. When the case was argued in this court, prior to its certification to the Supreme Court, counsel for the intervenors insisted on the point determined in the foregoing syllabus, to which no reply was made, and the question was certified to the Supreme Court and answered by it. Counsel for movants now contend that when the question as to the sufficiency of the petition filed with the local school trustees was raised in the trial court, the court permitted counsel for both sides to purge the list of petitioners, and the list of registered qualified voters, and compare the same; that it was then agreed in open court that the petition was signed by the requisite number of registered and qualified voters; and that this contention was abandoned by counsel for the intervenors. It is further set forth by the motion for rehearing that aliunde proof was submitted from the witness stand to the effect that the names of many signers of the petition were on the registration list differently from the way in which the petition was signed, but that such signers were in fact registered and qualified voters, the names of married women appearing on the petition, in some instances, as having been signed by the use of the initials of their husbands, whereas their names appeared on the registration list as having

been entered by the use of their Christian names, and vice versa, and that various other errors appeared. The motion for rehearing sets forth that "no record was made and preserved of the extraneous evidence producing agreement on the part of plaintiff in error that sufficient names were on said petition for said election," and that "no record is available at this time of the result obtained and agreed upon in purging said petition for said election, but a substantially true and correct list is now presented." There is attached to the motion for rehearing the affidavit of one of counsel for the proponents of the bonds, and the affidavits of three members of the board of school trustees, which verify the averments made in the motion for a rehearing. It is insisted by the motion that it is true in point of fact, that, after purging from the list of petitioners for the election all who were not in fact registered voters, there remained more than one fourth of the registered qualified voters of the school district, and that the election was therefore legally called.

This court is, of course, bound by the record as certified by the clerk of the trial court, and by the bill of exceptions as certified by the trial judge. Neither the record nor the bill of exceptions recites the facts which counsel now seek to have this court consider. Indeed it does not appear that any record was ever made of the proceeding referred to by counsel in their motion for a rehearing, but rather that the proceeding was one dehors the record, whereby counsel for intervenors and counsel for the proponents of the bonds sought to determine for themselves whether the petition for the election was in fact signed by the requisite number of voters, the motion for rehearing reciting that no record was made and preserved of the extraneous evidence "producing agreement on part of plaintiff in error that sufficient names were on said petition for said election." Since this proceeding was never entered upon and did not become a part of the record of the trial court, it could not be made available to this court, even were the record of the court below to indicate that such proceeding was had. Whether any agreement between counsel as to whether the petition was or was not signed by the requisite number of registered and qualified voters would be binding or not, the record before this court is entirely silent with reference thereto.

The list of registered and qualified voters attached to the bill of exceptions, certified as true and correct by the trial judge, con-

tains the names of 293 persons. The petition for the bond election, filed with the trustees of the school district, attached to the bill of exceptions as an exhibit, and certified as true and correct, contains the names of 99 persons, counting signatures in the form of "Mr. and Mrs." so and so as the signatures of two persons. A careful comparison of the petition with the registration list disclosed that the names of forty-eight of the petitioners did not appear on the list of registered and qualified voters. Manifestly, therefore, the petition was not signed by the requisite number of voters, and the election was illegally called, since, under the answers returned by the Supreme Court to the questions certified to it in this case, the number of registered and qualified voters could not have been legally augmented subsequently to the calling of the election, and before the date thereof, and therefore the number of registered and qualified voters must necessarily have been as great when the election was called as when it was held. Counsel insist in the motion for rehearing that there were only 285 registered and qualified voters in the school district, and the motion for rehearing indicates that the number of registered and qualified voters was reduced at the trial by purging the list of voters of certain persons who had moved away or died. Whether the court would be authorized to reduce the number of registered and qualified voters as shown by the official list, in order to determine whether the requisite number of voters had signed the petition for the election, it is not necessary now to determine. But see, in this connection, *Fairburn School District* v. *McLarin,* 166 *Ga.* 867 (144 S. E. 765) ; *Buchanan* v. *Woodland Consolidated School District,* 168 *Ga.* 626 (2) (148 S. E. 663). As to the number of qualified voters in the district, this court must, of course, be governed by the record, and according to the record the official certified list embodied 293 names.

By the motion for rehearing counsel insist that only 21 of the petitioners for the election were disqualified, and that the remaining petitioners who were apparently disqualified were in fact registered voters, their names appearing on the list of registered qualified voters differently from the way in which they signed the petition. For instance, it is contended that J. A. McGuirk, who signed the petition, is one and the same person as Walter McGouirk, whose name appears on the voters' list; that B. Hanson, who signed the petition, is one and the same person as B. Harrison, who ap-

pears on the voters' list; that W. N. Kilpatrick on the petition is the same as G. M. Kilpatrick on the voters' list; that J. M. Burks and I. M. Burks are one and the same; that Mrs. A. G. Jordan, who signed the petition, is the same person as Mrs. Gussie Bell Jordan, whose name appears on the registration list; that Mrs. W. L. Hanes and Della Ann Haynes are one and the same; that Mrs. B. Wells and Mrs. E. J. Wells are the same person; that G. W. Bartlett and Gordon Bartlett are one and the same person; so with B. C. Haynie and Belton Haynie, Mrs. Chester Martin and Mrs. Susie Mae Martin, Mrs. J. J. Rose and Mrs. Laura E. Rose, and many others. Manifestly this court could not assume, in the absence of any proof to that effect appearing in the record, that these things were true. Nor has this court any right or privilege now to enlarge the record by adding thereto the facts which are set forth in the motion for rehearing, but which do not appear to have ever become a part of the record in the lower court, and which are not certified by the trial court. On another trial the court below may consider evidence to establish the facts which counsel for movant contend exist. As the record now stands, the judgment validating the bonds was properly reversed, and the motion for a rehearing must be denied.