**22269.  NATIONAL LIFE & ACCIDENT INSURANCE. COMPANY v. CARTER.**

Decided October 29, 1932.

*Robert R. Forrester, Fulwood & Forrester,* for plaintiff in error. *John T. Ferguson, E. L. Forrester,* contra.

Sutton, J. ■ Emmett Carter brought suit against the National Life & Accident Insurance Company, alleging that the company was indebted to him on a policy of insurance issued by it on the life of his daughter, in which he was beneficiary. The company denied liability on the ground that the insured was not in sound health at the time the policy was issued and delivered. On the trial the evidence on this subject showed that at the time the

insurance was applied for the insured was in apparent good health and there was nothing to show that she did not continue so; ·that at the time the policy was delivered, which was on the morning of November 10, 1930, the insured "was kinder ill—she was sitting up by the fire and said she felt a little bad that morning," "but she cleaned up the house that day"; that thereafter on the same day the father went for the doctor, and the policy was in the house then; that the insured died the evening of the next day of enteritis; and that this disease can be contracted on one day and death result therefrom on the next day. In these circumstances we think it was a matter for the jury to determine whether the insured was in sound health at the time the policy was delivered, as the term "sound health," as used in a policy of insurance, has been defined by our courts; and the jury in this case having returned a verdict on this issue in favor of the beneficiary, and the judge of the trial court having approved the same, we do not think that as a matter of law the insured was not in sound health at the time the policy was delivered. *A. & B. R. Co. v. Douglas*, 119 *Ga.* 658, 661 (46 S. E. 867); *National Life & Accident Insurance Co. v. Smith*, 34 *Ga. App.* 242 (129 S. E. 113); *National Life & Accident Insurance Co. v. Martin*, 35 *Ga. App.* 1 (132 S. E. 120); *Guaranty Life Insurance Co. v. Martin*, 44 *Ga. App.* 545 (162 S. E. 288).

■ It was not error to charge the jury that they could consider the pleadings in the case, the same consisting of the petition of the plaintiff and the answer of the defendant, the judge elsewhere in his charge expressly instructing them that the defendant had filed an amendment to its answer, which was a part of the original answer. This did not have the effect of charging the jury that in passing upon the issues involved in the case they could not consider the amendment to the answer, but could consider only the original petition and the original answer.

■ There are other questions insisted upon by counsel for the insurance company as necessary to be determined in this case. The insurance company in its answer and amendment raised additional questions than the one dealt with in the first division of this opinion. There was other evidence introduced on the trial of the case than that referred to in the first division of this opinion. A determination of these matters can only be had by reference to certain receipts for insurance premiums, applications for insurance, certain provi-

sions in the policy of insurance sued on, statement of death by the physician, proof of death by the beneficiary, and premium receipt book of the insured. These documents were not properly and sufficiently briefed in the brief of the evidence approved by the trial court and sent to this court as a part of the record in the case. These documents are not set out in such a way that this court can ascertain the contents thereof. In order to remedy this situation, the parties filed with the clerk of this court a paper in the nature of an amendment to the brief of evidence, the same incorporating the material portions of the documentary evidence necessary to a determination of the errors alleged. This paper was signed by both parties in the presence of a notary public, and the trial judge entered this order thereon: "Examined, approved, and ordered filed as a part of the record in this case."

When the judge of the superior court approved the brief of the evidence and signed and certified the bill of exceptions, he exhausted the power conferred on him by law over the same, and could not, when the case was pending in this court, approve a supplement to the brief of the evidence. *Jones* v. *State*, 64 *Ga.* 697 (2). When a judge certifies a bill of exceptions assigning error on the denial of a new trial, and a brief of the evidence is approved by him, there is no power vested in this court to change the brief of evidence, even though it be made to appear by a certificate of the trial court that the brief is incorrect. The case must be decided here upon the record which reaches the office of the clerk of this court in the manner prescribed by law. *Minhinnett* v. *State*, 106 *Ga.* 141, 142 (32 S. E. 19). The authority of the trial court to deal with the brief of evidence in any way, either by changing it or making endorsements thereon, terminates when he signs the certificate to the bill of exceptions. *Milton* v. *Savannah*, 121 *Ga.* 89 (48 S. E. 684). Counsel can not by agreement add evidence to the brief of evidence approved by the trial judge, while the case is pending in this court. *Board of Education* v. *Day*, 128 *Ga.* 156 (57 S. E. 359). This court can not consider additional evidence sent up by agreement of counsel for both parties to the case and with the approval of the trial judge. *Adams* v. *State*, 44 *Ga. App.* 573 (162 S. E. 164).

Upon an examination of the various assignments of error other than those dealt with above, we find that there are none that can

4

be determined without a reference to the documentary evidence set out in the supplement to the brief of evidence; and this court can not consider the questions raised thereby, for the reasons above stated.

■ It follows that the court below did not err in overruling the motion for new trial.

*Judgment affirmed.* *Jenkins, P. J., and Stephens, J., concur.*