22211. NATIONAL LIFE & ACCIDENT INSURANCE COMPANY *v.* LEE.

SUTTON, J. 1. Where an applicant for insurance represented in good faith that she was in sound health, and on the strength of such representation, and upon the opinion of its agent and of the physician who examined the applicant the insurance company issued its policy, and it was in good faith accepted by the applicant, the policy will not be avoided by reason of the fact that the applicant was then afflicted with an incipient and fatal malady, which at that time had not manifested itself or in any way deranged, impaired, or affected the general soundness and healthfulness of the applicant. *National Life & Accident Ins. Co.* v. *Smith,* 34 *Ga. App.* 242 (129 S. E. 113); *National Life & Accident Ins. Co.* v. *Martin,* 35 *Ga. App.* 1 (2) (132 S. E. 120). While the evidence tended to show that the insured had tuberculosis in an advanced stage about two months after she applied for the insurance, she having stated in her application that she was in sound health, the jury were authorized to find, from the evidence, that she was in apparent good health and did not know that she had this malady at the time of her application for the insurance and acceptance of the policy, and that she made the application and accepted the policy in good faith. In these circumstances we can not hold that the evidence conclusively established that at the time the insured procured the policy she had symptoms of this disease which were known to her to be symptoms thereof. *Guaranty Life Ins. Co.* v. *Martin,* 44 *Ga. App.* 545 (162 S. E. 288).

2. The court did not err in charging the jury that it was undisputed that the policy of insurance was in life at the date of the death of the insured. There was no contention on the part of the company that this policy was not issued on the life of the insured or that the premiums were not paid, or that the policy was not otherwise in effect, except that it never took effect because the insured was not in sound health when it was issued. Taken in view of the entire charge and the part thereof immediately preceding this excerpt, the meaning of this part of the charge was that the policy was in existence with the premiums paid and was on the life of the insured, and it did not mean that the insured was liable thereunder.

3. The remaining grounds of the motion for a new trial show no error. If the insured made in the application a false statement as to her health, knowing the same to be false, and accepted the policy knowing she was

not in sound health, then she could not recover; but if she honestly thought she was in good health at the time of the making of the application and the acceptance of the policy, then the fact that she died about a year later of tuberculosis, and the fact that she may have had this disease in an incipient form at the time she applied for the insurance and accepted the policy, which latter fact was unknown to her, would not render the policy void, and she would be entitled to recover, although the policy provided that "No obligation is assumed by the company prior to the date hereof, nor unless on said date the insured is alive and in sound health." *National Life & Accident Ins. Co.* v. *Smith*, *National Life & Accident Ins. Co.* v. *Martin*, supra.

4. Applying the above rulings, the court below did not err in overruling the motion for new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED OCTOBER 29, 1932.

*Hammond & Kennedy*, for plaintiff in error.
*T. S. Lyons, T. L. Hill*, contra.