22284. Guaranty Life Insurance Company *v.* Johnson.

Jenkins, P. J. This was a suit on a policy of life insurance, issued without medical examination. The policy was dated April 1, 1929. The insured died April 28, 1931. The policy contained this provision: "This policy shall be incontestable after two years from the date of its issue, except for fraud or misstatement of age." The defendant admitted a prima facie case, and relied entirely upon the defense that the policy had been procured by fraud, in that the insured had misrepresented the condition of his health, and had stated in writing, in response to a question contained in the written application, not attached to the policy, that he had never "been under treatment in any dispensary, hospital, or asylum, or been an inmate of any almshouse or other institution," whereas, the defendant contended, the insured had in fact been treated at a hospital, some four or five years prior to the issuance of the policy, for a stricture of the urethra, which, according to the testimony on behalf of the defendant, finally caused his death. The jury found in favor of the plaintiff, and the defendant excepted. *Held:*

1. The stipulation in the policy that after two years from its date it should be incontestable except for fraud or misstatement of age, was valid and binding, and, since the payment of all premiums was admitted, limited to the exceptions there made the defense which the defendant might set up. *Massachusetts Benefit Life Asso.* v. *Robinson*, 104 *Ga.* 256 (1) (30 S. E. 918, 42 L. R. A. 261).

2. The evidence indicates that the insured could neither read nor write. The testimony of the defendant's agent, who filled out the application and signed the name of the insured thereto, to the effect that the questions contained in the application were propounded by him to the insured, that the answers entered were made by the insured, and that this took place in the home of the insured and in the presence of his wife, was

contradicted by the wife of the insured, who testified that no such transaction took place. Consequently, it can not be said as a matter of law that the jury were required to find that any sort of representation was made by the insured to the defendant company to induce the issuance of the policy.

3. The court instructed the jury that "sound health is a relative term and does not mean absolute freedom from infirmity, but only such a condition of body and mind as that one may discharge the ordinary duties of life without serious strain upon the vital powers." This instruction was not wholly inapplicable to the facts of the case, since the application upon which the policy was issued contained the statement, purporting to come from the insured, that he was then in good health. Moreover, the charge given is not excepted to as being in and of itself inherently erroneous; and even if it was inapplicable to the instant case, it is not shown to have been in any wise harmful to the defendant. See, in this connection, *Atlanta & Birmingham R. Co.* v. *Douglas*, 119 *Ga.* 658 (2) (46 S. E. 867) ; *National Life & Accident Ins. Co.* v. *Smith*, 34 *Ga. App.* 242 (129 S. E. 113) ; *National Life & Accident Ins. Co.* v. *Martin*, 35 *Ga. App.* 1 (132 S. E. 120) ; *Milan* v. *Mandeville Mills*, 41 *Ga. App.* 63 (6) (151 S. E. 672).

4. The verdict in favor of the plaintiff was authorized, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed.* *Stephens and Sutton, JJ., concur.*

DECIDED NOVEMBER 8, 1932.

*Hay & Gainey,* for plaintiff in error. *James B. Burch,* contra.