## 22340. INDUSTRIAL LIFE & HEALTH INSURANCE COMPANY *v.* BROWN.

JENKINS, P. J. The life-insurance policy sued on in this case provided that "this policy shall be incontestable after one year from its date except for nonpayment of premiums or fraud." No written application was attached to the policy, but it appears without dispute that the policy was issued by the company on an application prepared by its agent and by the insured's wife, the beneficiary, who, at the time, was living separate and apart from her husband. It appears, without dispute, that after the application was made (whether before or after the issuance of the policy does not appear), the insured was informed thereof and gave his approval thereto. The application as prepared by the agent and the beneficiary makes no reference to the state of the insured's health except that to the questions "when last sick?" and "of what disease?" the answers were "don't know." It further appears from the testimony of the agent, disputed by the plaintiff beneficiary, that the beneficiary wife made an oral statement to him that "her husband was in good health; that she didn't know when he had been sick." The insurance company defended the suit on the ground of fraudulent misrepresentations by the beneficiary with reference to the condition of the health of the insured, on the ground that his age was misstated, and that therefore a less amount than the face of the policy was payable; and on the ground that the beneficiary had accepted, in full settlement of the policy, the return of the premiums paid. The evidence indicated that the insured was older than the age stated in the policy, but the record as certified to this court contains nothing whatever going to show how much less than the face of the policy the premiums would have purchased at the true age of the insured. The trial judge directed a verdict in favor of the plaintiff for the full amount of the policy, and the defendant now excepts to the judgment overruling its motion for a new trial. *Held:*

1. While the policy contained a provision that "if the age of the insured as stated herein is not correct, then no greater amount shall be paid than the premiums hereon would have purchased at the true age of entry," and while there was some disputed testimony to the effect that the insured, at the time the policy was issued, was several years older than the age stated in the policy, the record as transmitted to this court contains no proof or data whereby a jury could have determined what amount of insurance the premiums would have purchased at the age of entry. The defendant sought by motion to have the trial judge incorporate in the record certain alleged evidence along this line, contending that it was in fact offered and admitted, but the trial judge, as is stated by the brief of counsel for the defendant, "followed the transcript of the evidence" as prepared by the court stenographer, and declined to enlarge the brief of evidence, and declined to grant a new trial. As is conceded by counsel for defendant in his brief, the action of the trial judge in declining to permit the record to be enlarged so as to incorporate the additional testimony which the defendant contended had been admitted "eliminated every question in the case but that of fraud and misrepre-

sentation." This is true because this court is bound by the brief of the evidence as certified by the trial judge, and can not go beyond it. *Terrell* v. *Forest Park Consolidated School District*, 45 *Ga. App.* 713 (165 S. E. 757).

2. There was no evidence to support the defendant's plea that the plaintiff had, after the death of the insured, accepted the amount of the premiums paid on the policy, in full settlement of all liability thereon. While the testimony indicates that the plaintiff had signed a receipt for such amount, it indisputably appears that such receipt was signed in blank and was required by the company to accompany the proofs of death, and that the amount stated therein was afterwards inserted by the company. While the record shows that a check for the amount of the premiums was delivered to the plaintiff, it further appears without dispute that she declined to accept the same in settlement of the policy, and did not cash the check, but tendered it back to the defendant.

3. There was no proof going to establish the plea of the defendant that the policy was obtained by fraud, either upon the theory that the beneficiary had made a false representation of a material fact to induce the issuance of the policy, or had wilfully concealed a material fact which could have enhanced the risk. While the record may indicate that at the time the policy was issued the insured was suffering from a disease which brought about his death more than a year after the policy was issued, there is nothing to indicate that the beneficiary had any knowledge of such fact, and the record discloses that the insured was well known to the agent taking the application, and was engaged in performing farm labor at the time the policy was issued. The alleged, but disputed, statement made by the beneficiary to the agent that "her husband was in good health, that she didn't know when he had been sick," when taken in connection with the fact that they were living apart, and with the signed statement in the written application for the insurance in answer to the questions as to the health of the insured that she did not know of what disease, or when, he had been sick, can not be taken as a representation as to a fact about which she had knowledge, in order to induce the issuance of the policy, but amounted to nothing more than a statement by her to the effect that so far as she knew the insured was in good health, for the reason that she did not know when he had been sick.

4. Under the foregoing rulings the court did not err in overruling the defendant's motion for a new trial.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*
DECIDED DECEMBER 8, 1932.

*E. H. George,* for plaintiff in error. *C. S. Baldwin Jr.,* contra.