24220.   JOHN HANCOCK MUTUAL LIFE INSURANCE
COMPANY *v.* YATES.

DECIDED FEBRUARY 9, 1935.

*Smith, Smith & Bloodworth, Boykin & Boykin, W. H. Smith,* for plaintiff in error.
*Smith & Millican,* contra.

SUTTON, J.   1.   While it is true that it is the general rule that contracts are to be governed as to their form, validity, and effect by the laws of the place where they are made, that is, by the lex

loci contractus (Civil Code, § 8), it is also true that the mode of procedure, the character and extent of the remedies on the contract sought to be enforced, the rules of evidence, and so on, are governed by the lex fori, that is, the law of the State in which the action is instituted. *Chamblee* v. *Colt Co.*, 31 *Ga. App.* 34 (119 S. E. 438) ; *Davis* v. *Melton*, 46 *Ga. App.* 639 (168 S. E. 320) ; *Beck & Gregg Hardware Co.* v. *Southern Surety Co.*, 44 *Ga. App.* 518 (162 S. E. 405).

(*a*) "The materiality of representations made by the insured in his application, under the laws of Georgia, is a question for the jury to decide. The manner in which this question shall be determined, being a matter affecting the remedy only, and not the validity, form, or effect of the contract, is to be controlled by the lex fori, and not by the lex loci contractus." *Massachusetts Benefit Life Asso.* v. *Robinson*, 104 *Ga.* 256 (8) (30 S. E. 918, 42 L. R. A. 261).

(*b*) The law of New York is that when a life-insurance policy is delivered to the insured, he must read it (or have the same read to him), and the application forming a part thereof, and if the application does not contain correct answers to the questions asked by the agent of the insurer, the insured is under a duty to so inform the insurer and have the same corrected; and when he fails to do this a recovery will not be permitted, in an action on the policy by the beneficiary against the insurer, even though the insurer's agent was informed of the facts and incorrectly recorded the answers of the applicant. *Minsker* v. John Hancock Mutual Life Ins. Co., 254 N. Y. 333 (173 N. E. 4) ; Travelers Ins. Co. *v.* Pomerantz, 246 N. Y. 63 (158 N. E. 21). In this case it is undisputed that the insured visited a physician four times during April, 1932, prior to his death in June of that year, when he was suffering from indigestion, and that the application shows that the question as to whether he had received medical advice during the past five years was answered in the negative. Under the New York law, as pronounced in the above decisions, a recovery could not be had by the beneficiary on this policy. However, under the law of this State, a different rule prevails. Our decisions hold that while an insurance policy will be avoided where the applicant therefor has made false answers as to matters material to the risk in the application for the insurance, such as to previous illness,

soundness of health at that time, etc. (*Southern Surety Co.* v. *Fortson,* 44 *Ga. App.* 329, 161 S. E. 679), yet where the agent of the insurance company incorrectly records the answers of the applicant to questions propounded in the application as to matters material to the risk, after being informed by the applicant as to the facts, the agent's actual knowledge thereof will be imputed to the insurer and it will be held to be estopped from asserting the invalidity of the policy because of such incorrect statements as to material matters. *National Casualty Co.* v. *Borochoff,* 45 *Ga. App.* 745, 747 (165 S. E. 905), and cit.; *Southern Surety Co.* v. *Fortson,* 46 *Ga. App.* 265 (167 S. E. 335).

2. A statement in an application for an insurance policy, that the applicant is in good or sound health at that time, is not to be construed to be a warranty upon the part of the applicant that his health is absolutely perfect. *Massachusetts Benefit Life Asso.* v. *Robinson,* supra. Under the facts of this case, the policy sued on was not void as a matter of law because the applicant stated that he was in good health, when he had informed the insurer's agent that he had had indigestion, and when the physican who treated the applicant did not inform him that he was afflicted with a dangerous or deadly malady, the physician not being able to determine this from the applicant's condition, and it not appearing that the indigestion suffered by the applicant seriously impaired his physical state or system in any way, but it appearing, however, that the applicant worked every day and seemed always to be in good spirits and health up to the time he went to the hospital for an examination of his condition in June, 1932. It is essential that the insured should have knowledge that he was in bad health or that there were circumstances which should have led him to that conclusion, in order for a policy of insurance to be avoided by the insurer, in this State, on account of the representation by the insured that he was in sound health at the time the policy was applied for and issued, when in fact he was suffering from a malignant malady in an incipient form, from which he died shortly after the policy was issued. The term "sound or good health," as used in a policy of life-insurance, means that the applicant or insured has no grave impairment or serious disease, and is free from any ailment that seriously affects the general soundness and healthfulness of his system. *Atlantic & Birmingham R. Co.* v. *Douglas,*

119 *Ga.* 658 (46 S. E. 867) ; *National Life & Accident Ins. Co.* v. *Carter*, 46 *Ga. App.* 1 (166 S. E. 247) ; *Nat. Life &c. Ins. Co.* v. *Lee*, 46 *Ga. App.* 4 (166 S. E. 253). Under the facts of this case, the physician who treated the insured for indigestion having stated that he could not determine that the insured had a deadly malady, and the insured having informed the agent that he had had indigestion troubles, the opportunity of the insurer was equal with that of the insured to find out that the insured, at the time of the application for this insurance, was in reality suffering from a deadly disease from which he died shortly after the policy was issued. This policy should not be declared void, as a matter of law, because the insured had indigestion troubles in March, April, and May of 1932, and died from a cancer of the intestines in June, 1932, the policy of insurance being applied for and issued in the month of May, but the question was properly one for submission to a jury under proper instructions from the court, and this was done in the case under consideration.

(*a*) "This being a suit to recover by the beneficiary under a life-insurance policy, which was defended upon the ground that the insured at the time of the issuance of the policy was not in sound health, and that she, in her application for insurance, made false and fraudulent representations as to her physical condition, thereby fraudulently inducing the insurer to issue the policy, and it appearing from the evidence that the jury were authorized to find that the insured was in sound health [as that term is used in a policy of life or health and accident insurance] at the time of the issuance of the policy and did not make the false and fraudulent statements as alleged," the jury properly determined this issue against the insurance company, and such a finding was not contrary to the law or the evidence. *National Life & Accident Insurance Co.* v. *Smith*, 34 *Ga. App.* 242 (2) (129 S. E. 113).

3. In a suit upon a life-insurance policy where the defense is based upon the ground that the insured, in his application, which was a part of the policy, made misrepresentations of material facts, which changed the character or extent of the risk, the burden of showing that the representations were material and were untrue is upon the insurer, and such questions are generally issues of fact for determination by the jury. *O'Connell* v. *Supreme Conclave*, 102 *Ga.* 143 (28 S. E. 282, 66 Am. St. R. 159) ; *Life Ins. Co.* v.

*Pate,* 23 *Ga. App.* 232 (97 S. E. 874) ; *Phenix Ins. Co.* v. *Fulton,* 80 *Ga.* 224 (4 S. E. 866) ; *Connecticut Mutual Life Ins. Co.* v. *Mulkey,* 142 *Ga.* 358 (82 S. E. 1054).

4. In answering a question propounded in an application for insurance, which is a part of the insurance policy, as to previous illness and whether the applicant had consulted or been treated by a physician within the past five years, the applicant does not falsely misrepresent a material fact and void the policy, as a matter of law, where he answers such question in the negative and it appears that shortly prior to the application he had been suffering from indigestion and had gone to a physician for treatment therefor, and the physician had given him a bottle of milk of magnesia to take, it not appearing to the physician that the applicant was suffering from any serious or dangerous ailment such as affected his general health. *Federal Life Ins. Co.* v. *Summergill,* 45 *Ga. App.* 829 (166 S. E. 54) ; *New York Life Ins. Co.* v. *Watson,* 48 *Ga. App.* 211 (172 S. E. 602).

(*a*) This is especially true where the insured stated to the agent filling out the application that he had had indigestion, and the agent replied "that is all right" and recorded the answer of the insured in the negative. See *National Casualty Co.* v. *Borochoff,* supra.

(*b*) This is true even though the applicant was, in connection with the above question, specifically asked if he had a cancer or tumor, and he replied "no," and was also specifically asked if he had indigestion, and he then told the agent that he had had indigestion and the agent replied "that is all right" and then recorded the applicant's answer in the negative, and thereafter the insured died from a cancer or tumor of the intestines, within two months from the date of the application.

5. The limitations upon the authority of the agent who solicited this insurance and who filled out the application were contained in the policy itself, and it has been held that such limitations apply only to matters occurring subsequently to the issuance of the policy, and that in such a case actual knowledge on the part of such agent of the insurer would be knowledge of the insurance company, and if a policy is issued with knowledge upon the part of such agent of matters or conditions which would cause the insurer to reject the application and refuse to issue the policy, the knowledge will

be imputed to the insurer and the insurer will be held to have waived the existence of such facts, and the policy will not be voided thereby. In such a case as the one under review, the jury would be authorized to find that the agent had actual knowledge of the facts prior to the issuance of the policy, and that the insurer would now be estopped from asserting that the policy was void because of such misrepresentations. See *Interstate Life & Accident Co.* v. *Bess,* 35 *Ga. App.* 723 (134 S. E. 804).

6. Where an applicant for life insurance covenants in his application that the statements made to the medical examiner are true, and these statements are made a part of the policy and form the basis of the contract, any variation in them which is material, whereby the nature or extent or character of the risk is changed, will avoid the policy, whether the statement was made in good faith or wilfully and fraudulently. *Supreme Conclave* v. *Wood,* 120 *Ga.* 328. In such a case it must be determined, first, was the representation false, and second, if false, was it made with reference to a matter material to the risk. *Sovereign Camp* v. *Beard,* 26 *Ga. App.* 130 (105 S. E. 629). Whether questions contained in an application are material depends upon whether knowledge or ignorance of the facts sought to be elicited thereby would materially influence the action of the insurer. This rule relates to actual misrepresentations of fact made in answer to questions propounded in the application for insurance, and not to the failure of the applicant to state material facts or his concealment of material facts. In the former, sections 2479 and 2480 of the Civil Code (1910), govern. In the latter, sections 2481 and 2483 control. *Mutual Benefit Health &c. Asso.* v. *Bell,* 49 *Ga. App.* 640 (176 S. E. 124).

7. If, before or at the time of execution of the contract of insurance, the insurer's agent who procured the contract or who examined the insured and filled out the application had notice that the insured was not in good health, but, on the contrary, had been treated for indigestion and was in a secondary anemia condition, which might have been caused by a malignant malady, such as a cancer of the intestines, and nevertheless the policy was issued and delivered, and the premium paid to the insurer, the insurer will be presumed to have waived a condition avoiding the policy in the event of ill health of the insured at the time of the application

therefor or delivery of the policy, and will be estopped from setting up that defense to an action on the policy. Knowledge of material facts upon the part of an agent of an insurance company is notice to the company. Such knowledge will be imputed to it. Where such an agent wilfully inserted in the application a false answer to a material question, he will be regarded in so doing as the agent of the insurer, and the agent's knowledge of the falsity of the answer will be imputed to the insurer. *Rome Ins. Co. v. Thomas,* 11 *Ga. App.* 539 (75 S. E. 894); *Fair v. Metropolitan Life Ins. Co.,* 5 *Ga. App.* 708 (63 S. E. 812); *Life & Casualty Insurance Co. v. Burkett,* 38 *Ga. App.* 328 (144 S. E. 29); *National Life & Accident Insurance Co. v. Sneed,* 40 *Ga. App.* 131 (149 S. E. 68); *Wiley v. Rome Ins. Co.,* 12 *Ga. App.* 186 (76 S. E. 1067); *Metropolitan Life Ins. Co. v. McAleer,* 43 *Ga. App.* 669 (159 S. E. 906).

8. The applicant for the life-insurance policy sued on in this case had a right to rely upon the agent or medical examiner of the insurer who filled out the application in behalf of the insurer, propounding to the applicant the questions therein, and where the applicant correctly answered the questions propounded to him or gave to such agent or medical examiner all the facts within his knowledge concerning his previous illness and present condition of his health, he could presume that the agent would perform his duty relative to the insurer. The insured is therefore under no duty afterwards to make an examination of the policy and of the application which is a part thereof, to ascertain upon what representations the policy purports to have been issued. *Mutual Life Ins. Co. v. Brown,* 34 *Ga. App.* 301 (129 S. E: 307).

9. The action was brought in this State on a policy of life insurance which was applied for and issued in the State of New York, the insured and his beneficiary both living there at the time. However, upon the death of the insured, the beneficiary, his wife, brought his body to his old home in Georgia for burial, and remained in this State to live. The defendant denied liability solely upon the ground of false answers in the application of the insured, attached to and made a part of the insurance policy, and set up that the law of New York rather than that of Georgia was applicable. The evidence upon the controlling issues was conflicting. The jury returned a verdict in favor of the beneficiary for prin-

cipal, damages, and attorney's fees. The defendant moved for a new trial, and the plaintiff voluntarily wrote off from the verdict the damages and attorney's fees. Whether or not error was shown by any of the grounds of the motion for a new trial depended upon whether the lex fori or the lex loci contractus controlled. No error of law appears from any of the special assignments of error, and the verdict in the plaintiff's favor was supported by competent evidence. In these circumstances, the trial judge did not err in overruling the defendant's motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*