## 25171. NATIONAL LIFE AND ACCIDENT INSURANCE COMPANY *v.* McKENNEY, guardian.

DECIDED JANUARY 30, 1936.

*Hendrix & Buchanan,* for plaintiff in error.

*W. C. Cantrell,* contra.

SUTTON, J. The insured applied for a policy of life insurance with the National Life and Accident Insurance Company. In her application, in answer to the questions, "Are you or have you ever been associated with any one having tuberculosis?" and "Have you ever had heart disease, asthma, tuberculosis?" the insured answered "No." The application was not attached to and made a part of the policy. It was issued on January 15, 1934. It provided that it would not be enforceable against the insurer if the insured was not· in good and sound health at the time of its delivery to her. She died on August 2, 1934. The plaintiff was appointed guardian of the person and property of the beneficiary named in the policy, the minor child of the insured. Upon refusal of the insurer to pay the claim, this suit was instituted. The insurer denied liability, and alleged that the policy was void, first, because the insured was not in good and sound health at the time of the delivery of the policy; and second, because she had knowingly made false answers to the above questions. On the trial it appeared that the insured was doing house work and laundry work at the time she made her application and for some weeks thereafter. Her sister with whom she lived, and the people for whom she worked, testified that she was in apparent good health at the time she made the application, that she had had no previous serious illness, and had made no complaint of any illness for some weeks after making the application; that she visited a physician on ·February 17, 1934, complaining of headache and pains, and he examined her and told her to return later; that she returned on March 21, 1934, when the physician discovered that she had a temperature of about 102 and was suffering from pulmonary tuberculosis. He testified that there was no way of easily detecting

tuberculosis at its inception; that it was his opinion, from her condition in March, that she had been infected with this disease for "many months, and could have had it for a year or two, but certainly several months;" that when she came to him in February, "just to look at her, you would not in the least suspect that she had tuberculosis, but you can not go by appearance;" that "she didn't have any cough at that time, that I recall;" that "her chief complaint the first time she came was a headache and general pains all over her body; and that "those are not symptoms of well-developed tuberculosis." Another medical witness testified that he saw the insured in July, 1934, when she came to his hospital, and she was then in a very advanced stage of tuberculosis; that she had cavities in her lungs, which indicated that she had had the disease for sometime; that tuberculosis sometimes lies dormant, and sometimes progresses rapidly; that "it is possible for one to contract tuberculosis in February and die in August of the same year, but it is out of the ordinary;" that negroes (the insured being a colored woman) are susceptible to such disease; and that in giving the history of the disease to him the insured stated that a colored girl had died of this disease, in the house with her, in December, 1933. The general agent of the defendant testified that the policy would not have been issued had he known that the insured had falsely answered the question in point, or had he known that the insured had lived in the house with a person who died of tuberculosis in December, 1933. The trial resulted in a verdict for the plaintiff for the amount of the policy. The defendant excepted to a judgment overruling its motion for new trial.

1. Under the evidence, and under the rulings in *National Life & Accident Ins. Co.* v. *Carter,* 46 *Ga. App.* 1 (166 S. E. 247), and *National Life &c. Co.* v. *Lee,* 46 *Ga. App.* 4 (166 S. E. 253), it was a question for the jury whether the insured was in sound health at the time of the issuance of the policy. Under the facts, and under the rulings in these decisions and the authorities therein cited, "the policy will not be avoided by reason of the fact that the applicant was then afflicted with an incipient and fatal malady, which at that time had not manifested itself or in any way deranged, impaired, or affected the general soundness and healthfulness of the applicant. . . While the evidence tended to show

that the insured had tuberculosis in an advanced stage about two months after she applied for the insurance, she having stated in her application that she was in sound health, the jury were authorized to find from the evidence that she was in apparent good health and did not know that she had this malady at the time of her application . . and accepted the policy in good faith. In these circumstances we can not hold that the evidence conclusively established that at the time the insured procured the policy she had symptoms of this disease which were known to her to be symptoms thereof." *National Life & Accident Ins. Co.* v. *Lee,* supra.

2. The defendant contends that the judge erred in charging the jury that it was necessary for it to show that the insured had "intentionally" made false answers to the questions propounded in the application, because the question of intent was not involved; thus making it incumbent on the defendant to show that the insured had intended to defraud it by making such false answers. The application was not attached to and made a part of this policy. This being true, the representations made by the insured in answering questions as to present state of health, previous illness, and other matters, will not be considered as warranties or covenants by the insured, and the policy will not be avoided on account of the untruthfulness of such statements, as a matter of contract, even whure material to the risk; but if it be made to appear that the insured had made such false statements for the purpose of fraudulently inducing the insurer to issue the. policy, then the policy could be avoided on account of its fraudulent procurement. *Johnson* v. *American National Life Ins. Co.,* 134 *Ga.* 800 (68 S. E. 731) ; *Southern Life Ins. Co.* v. *Logan,* 9 *Ga. App.* 503 (71 S. E. 742) ; *Life Ins. Co. of Va.* v. *Pate,* 23 *Ga.* 232 (97 S. E. 874) ; *Interstate Life & Accident Co.* v. *Bess,* 35 *Ga. App.* 723 (134 S. E. 804), and cit. Furthermore, under the evidence the jury were authorized to find that the insured did not make false answers to the questions in her application. The policy should not be avoided merely because of the untruthfulness of the answers of the insured in the application (if they were in fact untrue), in that she had tuberculosis at the time of the application and the issuance of the policy; the jury being authorized to find that if she had this disease she did not know it, and that it was in an incipient stage, and she was in apparent good health at the time.

See *National Life &c. Co.* v. *Martin,* 35 *Ga. App.* 1 (132 S. E. 120); *Industrial Life &c. Co.* v. *Brown,* 46 *Ga. App.* 140 (166 S. E. 874). It follows that the judge did not err in charging the jury that it was necessary for the insurer to show that the insured intentionally made false answers to the questions propounded in the application. Especially is this true when the defendant, in effect, made this contention in its answer, where it alleged that the answers were made falsely and knowingly.

3. The charge fairly and fully submitted the questions to the jury; and in the absence of a special request, it was not error for the court to fail to charge that "actual fraud consists in any kind of artifice by which another is deceived," and that "fraud may not be presumed, but, being in itself subtle, slight circumstances may be sufficient to carry conviction of its existence." (Code of 1933, §§ 37-702, 37-706.)

4. The verdict was authorized by the evidence; and no error of law appearing, the judge did not err in overruling the motion for new trial, and the appellate division of the trial court properly affirmed that judgment.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*