25367. NATIONAL LIFE AND ACCIDENT INSURANCE COMPANY *v.* WILLIAMS.

DECIDED JULY 9, 1936.

*Maddox, Matthews & Owens,* for plaintiff in error.

*John Camp Davis, W. B. Mebane,* contra.

SUTTON, J. This was a suit on a life-insurance policy. The company defended on the ground that the policy was void, because the insured was not in sound health when it was issued and delivered, and because of certain false answers to questions propounded in the application, concerning the health of the insured, and as to who his physician was. The application was not attached to and made a part of the policy. The policy provided that if the insured was not in sound health on the date thereof, or if before said date the insured had any heart disease, the insurer could, within two years from its date, declare the policy void. The application was made on June 5, 1934. The company introduced evidence to the effect that the insured was treated by

a physician for heart disease on or before May 10, 1934, while the plaintiff's evidence denied this and tended to show that the insured was visited by this doctor only on one occasion, June 25, 1934, after the delivery of the policy. The insured made an affirmative answer to the question in the application as to whether he was in good health; and in answer to the question, "Who is your doctor?" the insured said, "Dr. Dillinger, Rome, Ga." Plaintiff's evidence was that the agent filled out this application, and asked the insured who his family physician was, and he answered, "Dr. Dillinger." The insurer claims that the insured was treated by Dr. Lewis prior to the application, and therefore falsely answered such question. In answering the question in the application what illness he had ever had, the insured said, "Flu, in January, 1934," from which he had fully recovered. The application contains a negative answer to the question as to whether the insured had ever had numerous named ailments including cancer and heart disease. The evidence for the plaintiff was to the effect that the agent taking this application at the home of the insured and writing in the answers to the questions propounded, after orally propounding them to the insured, asked him if he had ever had a cancer, and did not specifically ask him about heart disease. The insured died on July 2, 1934, and in the proof of death the cause of the death of the insured was stated as heart disease. The beneficiary testified that this proof of death was filled out by the insurance agent, and that he was asked to sign the same by this agent, who stated that this was necessary in order for him to collect on the policy. The evidence of the insurer was that the insured died of heart disease. There was evidence that he was in apparent good health at, before, and after the application, plowed in the fields, and never complained of any dizziness or shortness of breath. There was evidence to the contrary, and that the insured knew that he had some malady with the symptoms of heart disease, and also evidence that he knew he had this disease. The jury returned a verdict for the beneficiary. The defendant moved for a new trial, and to a judgment overruling the motion it excepted.

1. The insurer defended the suit on the policy on the ground that the insured was not in sound health at the time of the issuance thereof, and because the insured, in the application, falsely and fraudulently answered certain questions propounded to him con-

cerning his previous health, etc. While the evidence was conflicting on these issues, the jury were authorized to find that the insured was in sound health, in so far as he knew, at the time of the issuance and delivery of the policy, and that he did not falsely and fraudulently answer the questions propounded to him and did not make false and fraudulent representations to obtain this policy. See *National Life &c. Ins. Co.* v. *Smith,* 34 *Ga. App.* 242 (129 S. E. 113); *Guaranty Life Ins. Co.* v. *Martin,* 44 *Ga. App.* 545 (162 S. E. 288). In *National Life &c. Ins. Co.* v. *McKenney,* 52 *Ga. App.* 466 (183 S. E. 659), the insured in answering questions in the application, concerning whether she had ever been associated with one having tuberculosis, and whether she had such disease, said no. The application was not attached to the policy. The policy was issued on January 15, 1934, and provided that it would be unenforceable if the insured was not in sound health at the time of its delivery. The insured died on August 2, 1934, of tuberculosis. The company denied liability on the policy, and alleged that it was void, first, because the insured was not in sound health at the time of its delivery; and second, because she had knowingly made false answers to the questions propounded in the application. The evidence in that case showed that it was discovered that the insured had tuberculosis in a very advanced stage in July, 1934, and that the condition of her lungs indicated that she had had the disease for some time, and there was evidence that she had lived in the same house with a girl who had this disease and died thereof in December before the policy was written in January. This court held, under the decisions in *National Life &c. Ins. Co.* v. *Carter,* 46 *Ga. App.* 1 (166 S. E. 247), and *National Life &c. Ins. Co.* v. *Lee,* 46 *Ga. App.* 4 (166 S. E. 253), that it was for the jury to determine whether the insured was in sound health, as the term is defined by the courts, at the time of the delivery of the policy. This court further held that the false answers in that case would not be considered as warranties or covenants, the application not being attached to the policy; and that it is only where it is made to appear that such false answers were made for the purpose of fraudulently inducing the issuance of the policy of insurance that the same can be avoided on that account, citing *Johnson* v. *American National Life Ins. Co.,* 134 *Ga.* 800 (68 S. E. 731), and *Interstate Life &c. Ins. Co.* v. *Bess,* 35

*Ga. App.* 723 (134 S. E. 804), and cit. Under the evidence in this case the jury were authorized to find, if the insured had heart disease at the time of the application and when the policy was issued, that he did not know it and was in apparent good and sound health. The defenses urged by the insurer were for the jury, under the evidence, and were determined adversely to the insurer. In the *McKenney* case, supra, it was held that the verdict was authorized where the jury could find that if the insured had the disease she did not know it, and it was in an incipient state and the insured was in apparent good health at the time.

2. Where the application was not attached to and made a part of the policy, the representations of the insured in the application, although false and material, would not authorize an avoidance of the policy, unless fraudulently made.

3. The defendant contends that the judge erred in failing to charge the jury that the policy sued on was void, and the insurer liable only for the return of the premiums paid, if the insured was not in sound health on the date of the delivery of the policy, in that he was then and had been suffering from a disease of the heart, and had been treated for a disease of the heart by physicians, and that the insured died on July 2, 1934, the policy sued on providing that if the insured was not in sound health on the date thereof, or if before the date thereof the insured had had any disease of the heart, the insurer might (within the contestable period of two years) declare the policy void, and liability would be limited to a return of the premiums paid on the policy. The defendant contends that the judge charged the jury on the defense raised by it as to the false and fraudulent answers of the insured to the questions in the application, but failed to charge on the question as to the sound health of the insured at the time of the delivery of the policy. The defendant contends that "this special defense was based on a specific provision of the contract itself, and not upon but independent of the alleged misrepresentations in the application." In *National Life &c. Ins. Co.* v. *Martin,* 35 *Ga. App.* 1 (132 S. E. 120), this court held that this defense was not applicable to a case of this kind, that is, where the insured is charged with having falsely and fraudulently misrepresented the condition of his health in the application which is not attached to the policy, and the evidence on the question of the wilfulness and

fraudulent intent of the insured in answering the questions propounded is in conflict. This court laid down the rule with regard to an identical provision in a policy that the same had reference to a change in the condition of the applicant for the insurance between the time of the application therefor and the delivery of the policy, and did not apply where it was claimed that the insured had had a disease and had falsely, with intent thereby to induce the acceptance of the risk, answered questions propounded in the application as to the condition of his health, even though the application was not attached to the policy; and that in such a case the question for determination was whether the policy was void in that it was procured by fraudulent means. It follows then that the judge did not err in failing to charge as contended by defendant.

4. The insured was charged with having made false answers to the questions propounded in the application, and the application was not attached to the policy; so it was necessary that the jury find that the false answers were fraudulently made for the purpose of procuring the issuance of the policy. The jury were fairly and clearly instructed on this issue. The fact that in charging on this principle the judge instructed the jury the difference between the two rules, false answers material to the risk where the application is attached, and false answers fraudulently made to procure the policy, and also charged them as to the difference between wilful concealment of material facts in the application and false representations as to material matters in the application, under the decisions of this court in *Mutual Benefit Health &c. Asso.* v. *Bell,* 49 *Ga. App.* 640 (176 S. E. 124), and *John Hancock Mutual Life Ins. Co.* v. *Yates,* 50 *Ga. App.* 713 (179 S. E. 239), when there was no contention by the insurer that the insured had concealed any material facts or that false answers to the questions in the application in this case would have voided the policy unless made fraudulently to procure the policy, does not require the grant of a new trial to the insurer. Such charge was more beneficial to the insurer than to the insured.

5. There being no error in the charge complained of, and the verdict being supported by the evidence, the judge did not err in overruling the motion for new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*