32780. NORRIS *v.* McDANIEL *et al.*
32781. McDANIEL *v.* NORRIS.

735

Decided January 13, 1950.

736

*Thomas J. Espy Jr.,* for McDaniel *et al.*

*Randall Evans Jr.,* for Norris.

TOWNSEND, J. (After stating the foregoing facts.) ■ Counsel for the plaintiff in fi. fa., Joe Norris (the defendant in error in Case No. 32781), contends that the motion which was made to dismiss the claim was not based upon failure to file a sufficient forthcoming bond, but upon failure to file a sufficient claim bond. This was an oral motion and is not in the record. The order of the judge recites that the "said claim is dismissed because of the failure of the claimant to give a forthcoming bond for double the amount of the execution." The bill of exceptions, which has the approval of the trial court, recites: "The plaintiff moved to dismiss the claim because the bond given by claimant *to the Sheriff of Chattooga County* is not in the sum equal to double the value of the amount of the execution."

In certain places in the record the bond is referred to simply as "the bond," but nowhere in either case does the record refer to it as "the claim bond." If the trial court did in fact designate it as a forthcoming bond through inadvertence, no reason is shown why this error should not have been called to the court's attention at the proper time and amended accordingly. In any case, however, this court is bound by the record as certified to by the trial court, and "has no jurisdiction to hear contradictory evidence impeaching the verity of a record from the trial court." *Sweat* v. *Barnhill*, 171 *Ga.* 294 (3) (155 S. E. 18). In *Terrell* v. *Forest Park School District*, 45 *Ga. App.* 713, 715 (165 S. E. 757), it was stated: "This court is, of course, bound by the record as certified by the clerk of the trial court, and by the bill of exceptions as certified by the trial judge. Neither the record nor the bill of exceptions recites the facts which counsel now seek to have this court consider." In *Crawford* v. *Cook*, 48 *Ga. App.* 456 (173 S. E. 187), it was held: "This court has no jurisdiction to hear contradictory evidence impeaching the verity of the record from the trial court. . . There is a certificate of the judge of the trial court with reference to this matter attached to the motion to dismiss, which was made after the bill of exceptions was transmitted to this court and filed and docketed herein. This court has no power to correct a mistake in a bill of exceptions which has been approved by the trial judge and filed in the office of the clerk and duly transmitted to this court; and this is true notwithstanding the trial judge may afterwards sign a certificate stating that the bill of exceptions as approved and filed contained a mistake. *Minhinnett* v. *State*, 106 *Ga.* 141 (32 S. E. 19); *Hodges* v. *Powers*, 14 *Ga.* 388. A bill of exceptions approved by . . the trial court as the true bill of exceptions 'imports absolute verity and cannot be contradicted by aliunde proof.' " We are therefore bound by the record and must disregard any statements of counsel to the contrary.

Considering the motion as one to dismiss the forthcoming bond, it was without merit. The forthcoming bond is made not to the plaintiff but to the sheriff, and the plaintiff has no interest therein. In *Bonner* v. *Little*, 29 *Ga.* 538, where a motion was made by the plaintiff in fi. fa. to dismiss a claim on

the ground that the sheriff had turned the property over to the claimant without any forthcoming bond, it was held: "In claim cases, where there is a legal affidavit of claim, and also a legal claim bond, a forthcoming bond is not necessary to the hearing of the claim." The trial court therefore erred in sustaining the plaintiff's motion to dismiss the claim.

The judgment of the trial court in Case No. 32781 is reversed for the reasons set forth in division 1 hereof. Also for the reasons there set forth the questions raised in Case No. 32780 are rendered moot and the bill of exceptions in that case is accordingly dismissed.

*Judgment reversed in Case No.* 32781, *and bill of exceptions dismissed in Case No.* 32780. *MacIntyre, P. J., and Townsend, J., concur.*