## 12414.   GLOVER *v.* NEW YORK LIFE INSURANCE CO.

Where the beneficiary of an insurance policy sues thereon, and the company defends solely upon the ground that the contract of insurance provides that it shall not be binding on the company unless the policy was delivered to and received by the insured during his lifetime in good health, this defense cannot avail where the evidence shows that the first premium was paid and that the contract of insurance was complete in every way, mailed to the agent of the company for unconditional delivery to the insured, and received at the post-office of the agent and of the insured while the insured was in life and in good health, and the only reason that the policy was not actually delivered by the agent to the insured was that the agent did not go to the post-office and get the policy for several days after its receipt at the post-office and while the insured was in life and in good health.

DECIDED NOVEMBER 17, 1921.

Action on insurance policy; from city court of Bainbridge — Judge Spooner.   February 21, 1921.

*Hartsfield & Conger,* for plaintiff.

*Bryan & Middlebrooks, John R. Wilson,* contra.

LUKE, J.  Rillie Glover sued the New York Life Insurance Company for $1,000, on an insurance policy on the life of her husband, Guilford M. Glover.  The case was submitted to the court without a jury, and a judgment was rendered for the company.

Though dated August 30, 1918, the policy, by its terms, took effect on August 23, 1918.  The application for insurance attached to the policy and made part thereof provided:  (1)  that the insurance hereby applied for shall not take effect unless the first premium is paid and the policy delivered to and received by me during my lifetime in good health;  (2) that any payment made by me before the delivery of the policy to and its receipt by me as aforesaid shall be binding on the company only in accordance with the terms of the company's receipt therefor on the receipt form which is attached to this application and contains the terms of the agreement under which said payment has been made, and is the only receipt the agent is authorized to give for such payment.  The application further provided that the agent could not "make, modify, or discharge contracts, or waive any of the company's rights or requirements."

The application signed by Glover on August 23, 1918, arrived at the New York office of the company on August 29, 1918, and

was favorably passed upon the next day. The policy was signed August 30, 1918, and mailed to the Atlanta office of the company the following day, reaching there September 5, 1918. On the same day it was mailed to Hudgins, the agent taking the application, for delivery. It was agreed that in due course of mail the policy would have reached Camilla, Ga., the postoffice address of Hudgins, on September 6, 1918. Because of a change in his address he did not actually receive the policy until some time between September 10, and September 15, 1918. He mailed it to Guilford Glover, R. F. D., Camilla, Ga., on September 25, 1918. Glover was taken ill with typhoid fever on September 10, 1918, and died on October 7, 1918. Counsel agreed that the first premium was paid by Glover, returned to his wife, by her returned to the company, and kept by it subject to her demand. The company's only defense was "that said policy was not delivered to said Glover and received by him during his good health."

That the parties to an insurance contract can make the actual delivery of the policy during the good health of the insured a valid and binding condition precedent to the liability of the company is certain. It is also true that " actual delivery of the policy to the insured is not essential to the validity of a contract of life-insurance, unless expressly made so by the terms of the contract." *New York Life Ins. Co.* v. *Babcock,* 104 *Ga.* 67 (2) (30 S. E. 273, 42 L. R. A. 88, 69 *Am. St. R.* 134) . The decision in that case is authority for the proposition that the phrase, " unless the policy is delivered to the applicant while living and in good health," does not import an actual delivery, and that in such a case the controlling question on the subject of delivery is " not who has the actual possession, but who has the right of possession." We apprehend that if a contract of insurance unequivocally stipulates for a manual delivery of the policy, and the failure to make such delivery is not the fault of the insurer or of its agents, the reasoning of Justice Lewis in that decision would not apply.

If a decision of this case depended solely upon the question as to whether the words " delivered to and received by " mean an actual delivery, we should be inclined to hold that they do not. Under our law " delivery " certainly has no such meaning, and

the Standard Dictionary defines "receive" as "to obtain by de-
livery, transmission, or communication." The Iowa Supreme
Court in the case of Unterharnscheidt v. Missouri State Life In-
surance Co., 160 Iowa, 223 (138 N. W. 459, 45 L. R. A. (N.
S.) 743), construed the words "delivered to and accepted by"
not to mean manual delivery. It should also be borne in mind
that the law requires that an ambiguous stipulation in an in-
surance contract be construed most favorably for the insured.

As we view this case, however, a recovery on the policy was de-
manded by the evidence, whether the words of the contract im-
port an actual or constructive delivery: In the *Babcock* case,
supra, the policy reached the local agent about 2 p. m. on No-
vember 30, 1895. He made an effort to deliver it. Babcock
was found dead on the afternoon of December 1, with a pistol
wound in his breast. In rendering the opinion of the court Jus-
tice Lewis used the following significant language: "That policy
was received by its local agent, who, through negligence or in
disregard of his obligations both to his company and to the other
contracting party, failed, without excuse and without authority,
to hand the policy to its real owner. In consequence of this
failure and negligence, the company contends it is not liable. It
thus seeks to take advantage of the wrong of its own agent, by
virtually pleading his negligence as a defense to this action.
The law should be plain in its terms and unmistakable in its
meaning before a court should hold that for such a cause an in-
surance policy was inoperative." In the Unterharnsheidt case,
supra, the policy, which was mailed to the agent for delivery to
the insured, and in due course of mail should have reached him
at Sioux Falls by July 20, 1910, was delivered at his office and
remained there until his return on August 7, 1910. The insured
became seriously ill July 23, 1910. The court said that "the
neglect or omission of the agent, under such circumstances, to
perform the manual act of placing the policy in the hands of the
insured will not serve to suspend or postpone the obligation of
the company upon its contract." The *Babcock* case was quoted
extensively and followed in that case. In the decision last quoted
it was held that the delay of the agent to deliver the policy for
three days precluded the company from successfully defending
on the ground that no delivery was had. In the *Babcock* case a

delay of one day was sufficient to elicit a similar ruling. In the case at bar it appears that but for the change in the address of the agent, the policy could have been actually delivered to the insured at any time between its arrival in Camilla on September 6 and the beginning of the fatal sickness of the insured on September 10. The contract was complete, and there was nothing left to be done except the delivery of the policy during the good health of the applicant. He remained in good health for four days after the policy reached Camilla, and during that time there was nothing whatever for the agent to do except to convey the policy to Glover. This he did not do. We do not think the beneficiary should suffer because of the negligence of the company's agent. After extended discussion of the two decisions herein cited, Justice Steere, of the Michigan Supreme Court, in the case of Bowen *v.* Prudential Insurance Co., 178 Mich. 63 (144 N. W. 543, 51 L. R. A. (N. S.) 587), said: " The strong, sound, underlying principle in both of the foregoing decisions, and which, standing alone, justifies the results reached, is that the defendants could not escape liability by relying on their own wrongs, and are estopped by their misconduct and negligence, or that of their local agents through whom the applications were made, from denying a delivery which they should have made, and therefore the court could and did say that there was a constructive delivery."

We plant our decision overruling the judgment of the court below squarely on the principle announced in the *Babcock* case, that the insurance company cannot avoid its contract upon the ground that there was no manual delivery of the policy to the insured. The insured was entitled to the possession of the policy, and therefore had constructive possession of it.

A consideration of assignments of error not dealt with above is not necessary.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*