PRITCHETT and others, Respondents, vs. HERMAN FARMERS MUTUAL INSURANCE COMPANY OF DODGE COUNTY, WISCONSIN, Appellant.

*April 1—April 29, 1930.*

522

For the appellant there was a brief by *Wolfe & Kolinski* of Milwaukee, and oral argument by *H. O. Wolfe.*

For the respondents there was a brief by *Knowles &*

*Doolittle,* attorneys for Knowles and Pritchett, and *White & White,* attorneys for the respondent Olson, all of River Falls, and oral argument by *F. M. White.*

FOWLER, J. The defendant claims the complaint should have been dismissed because it appears without dispute: (1) That the building was vacant and unoccupied for more than ten days. (2) That there was a cessation of business in the building for more than thirty days. (3) That the insured in his proofs of loss swore falsely as to occupancy of the building.

(1) Had the building been a dwelling house, store, shop, or the like, contemplated by the policy to be occupied as such, the contention of the appellant would be correct but for the permit for the thirty days' "cessation of operations." This permit, however, would seem to eliminate the ten-day provision in the policy. If use of the building could cease for thirty days, which would necessarily imply vacancy and unoccupancy, certainly ten days of vacancy or unoccupancy would not void the policy.

(2) The real inquiry is whether there was a "cessation of operations" for more than thirty days. The building was occupied, in a measure, for storage purposes up to the time of the fire. There was no "cessation of operation," and no vacancy or unoccupancy, if such use for storage purposes as was made constituted use for "storage and warehouse purposes" as was contemplated by the policy. In determining whether the use made constituted the contemplated use, it is proper to consider the existing and the pre-existing circumstances known to the agent and owner when the policy was issued, as well as the terms of the policy itself. The terms of the policy show that use as a dwelling, store, shop, or like use was not contemplated. The circumstances show in connection with the terms of the policy that continuous presence of persons in the building was not contemplated, and that

neither mechanical nor any constant business operations were contemplated. The storage by the tenant was merely of tools, machinery, and materials not in use. The nature of the articles then stored was not different from the nature of the articles kept in the building after the tenants left. Up to September 15th the use made of the building was clearly such as was contemplated by the policy. After that time the quantity of the articles stored in the building was less, but the articles were like in kind. The use of the upper floor was precisely the same after the issuance of the policy as when it was issued. The permits attached to the policy are no part of the standard form of policy and are to be construed liberally in the interests of the insured. The words "as conducted therein" contained in the "permission granted for such use of the premises as is usual and incidental in the business, *as conducted therein,* of warehouse and storage" must be kept in mind. Had the building when insured been in use as a warehouse for storage of property for hire, we would then have a different question. But as such business was not then being conducted in the building, it cannot be considered that such business was contemplated by the policy. No business, in the technical sense, was being conducted in the building at all. The building was merely used by the owner and his tenants for the storage of such articles as either wished to keep therein, and such use was never changed.

The above negatives the claim of defendant that plaintiff falsified in his proofs of loss in stating that the building was not vacant or unoccupied at the time the fire occurred. As the building was occupied and used at the time of the fire substantially as it was at the time the policy was issued, and as it was then contemplated it would be used, it cannot fairly or reasonably be considered that it was vacant or unoccupied within the meaning of those terms as used in the policy.

*By the Court.*—The judgment is affirmed.