23299. LIFE & CASUALTY INSURANCE COMPANY OF TENNESSEE *v.* PALMER.

STEPHENS, J. 1. Where the plaintiff sued to recover as the beneficiary in a life-insurance policy which, it was alleged, was issued by the defendant insurance company prior to the death of the insured, who was the plaintiff's child, and while the insured was in good health, upon an acceptance by the company of a premium which the plaintiff had paid to the local agent of the company, who forwarded the premium to the home office, and the allegations of acceptance and issuance of the policy by the defendant were categorically denied by the defendant in its plea, the burden was upon the plaintiff to establish these allegations by a preponderance of the evidence; and where all the allegations of the petition which were not admitted by the defendant were categorically denied, and the plea nowhere stated that the defendant was unable to admit or deny any of the allegations of the petition, and where the court instructed the jury that if the answer states that the defendant is unable to admit or deny a particular allegation of the petition, and the plaintiff alleges a fact which is peculiarly within the knowledge of the defendant, the defendant can not by "such evasive answer" place the burden of proving such allegation on the plaintiff and "it becomes the duty of the jury to consider such evasion as an admission of such fact or facts so alleged," the charge,

whether or not it is a correct statement of the law, was inapplicable to the pleadings and was error. Where upon the trial the only evidence adduced tending to establish an acceptance of the premium and an issuance of the policy prior to the death of the insured and while the insured was in good health, which, under the pleadings as indicated above, it was incumbent upon the plaintiff to prove by a preponderance of the evidence, was an admission of the local agent to whom the premium had been paid, made prior to the insured's death, that the agent had the policy in his possession, but which the agent denied, and there was evidence tending to show that the policy was not issued until after the insured died, and where it appeared that the allegations in the petition as to the acceptance of the premium and the issuance of the policy were as to matters peculiarly within the knowledge of the defendant, a further charge by the court that the burden was not upon the plaintiff to prove by a preponderance of the evidence "such facts as are peculiarly within the knowledge of the defendant," was error prejudicial to the defendant, in that, in instructing the jury that no burden rested upon the defendant to establish by a preponderance of the evidence facts peculiarly within the knowledge of the defendant, it instructed the jury that no burden rested upon the plaintiff to establish by a preponderance of the evidence the acceptance of the premium and the issuance of the policy by the defendant prior to the death of the insured and while the insured was in good health.

2. Where a receipt is given to an applicant for insurance, by a local agent of a life-insurance company, for the first premium upon a policy of life-insurance, and the money is forwarded to the home office of the company and there accepted as the first payment upon the policy, and the policy is issued and forwarded to the local agent for delivery to the insured, the contract of insurance becomes effective upon the acceptance of the premium by the company and the issuance of the policy, notwithstanding the policy may, according to its terms, take effect at a later date.

3. Although it may appear from a policy of life-insurance that where payment of a premium is not made at the home office but is made to an authorized representative of the company, it must, to be binding on the company, be entered at the time in the premium receipt-book provided by the company for the entry of premiums, such provision of the policy has no application where, in a suit to recover upon the policy, the only issue respecting the payment of any premium relates to whether the second premium had been paid to the local agent, and there was no defense that the premium was not paid in accordance with the terms of the policy by payment not having been entered on the premium receipt book provided by the company for the entry of premiums payable on the policy where not made at the home office.

4. Under an application of the rulings made above in paragraphs 2 and 3, the court did not err in the charge as excepted to; but under an application of the ruling made in paragraph 1, the charge of the court was error prejudicial to the defendant, and the grant of a new trial is demanded. *Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED JANUARY 31, 1934.

*A. B. Conger,* for plaintiff in error.
*J. E. Drake, W. V. Custer & Son,* contra.