31221.   FOWLER *v.* LIBERTY NATIONAL LIFE INS. CO.

DECIDED APRIL 25, 1946.

*G. Seals Aiken,* for plaintiff.

*Grover Middlebrooks,* for defendant.

SUTTON, P. J. (After stating the above facts.) ■ The application for insurance, which was signed by the insured, the original receipt given the insured at the time the application for insurance was obtained and the first premiums paid, and the policy of insurance all provided that the policy should take effect on the date of its issue, provided the insured was then alive and in sound health, but not otherwise. This provision was valid and binding on the parties. "That the parties to an insurance contract can make the actual delivery of the policy during the good health of the insured a valid and binding condition precedent to the liability of the company, is certain." *Glover* v. *New York Life Insurance Co., 27 Ga. App.* 615, 616 (109 S. E. 546). The policy in the present case limited the powers of the agents of the company to change or vary the provisions of the policy by providing that only the president or secretary of the company had the power to change or vary its terms. "The insured is bound by plain and unambiguous limitations upon the power of the agent contained in his policy." *Reliance Life Insurance Co.* v. *Hightower,* 148 *Ga.* 843 (a) (98 S. E. 469). The requirement in a policy of insurance, that the insured be in sound health at the date of the issuance of the policy, refers to a change in health between the time of taking the application for insurance and the date of the issuance of the policy, where the policy is issued without medical examination and without the application for insurance being attached to and made a part of the policy of insurance. *Interstate Life & Accident Insurance Co.* v. *McMahon,* 50 *Ga. App.* 543 (179 S. E. 132). The term, "sound health," as used in a life-insurance policy means that the insured

enjoys such health and strength as to justify the reasonable belief that he is free from derangement of organic functions, or free from symptoms calculated to cause reasonable apprehension of such derangement, and to ordinary observation and to outward appearance his health is reasonably such that he may with ordinary safety be insured upon ordinary terms, and that he has no grave impairment or serious disease and is free from any ailment that seriously affects the general soundness and healthfulness of the system. *Life & Casualty Insurance Co. of Tenn.* v. *Higdon,* 67 *Ga. App.* 679 (21 S. E. 2d, 270), and citations.

Under the evidence in this case, a finding was demanded that the insured was in apparent good health and was working at the time the application for insurance was obtained on November 7, 1944, and that between the dates of the application for insurance and the issuance of the policy on November 27, 1944, the insured became mentally deranged or insane and, at the request of the plaintiff, he was placed in jail; that after a trial before a lunacy commission, the insured was committed to the State Hospital at Milledgeville, where he was received as a patient on November 25, 1944, and where he remained as a patient until his death on December 25, 1944. Under the uncontroverted facts of this case, the insured was not in sound health, within the provisions of the policy, on the date of its issuance, November 27, 1944, and the trial judge did not err in so holding and in directing a verdict for the defendant; it having been stipulated that the company had tendered the sum received by it as premiums on the policy to the plaintiff, and had deposited this sum in court at the time it filed its answer. *Strickland* v. *Gulf Life Insurance Co.,* 70 *Ga. App.* 365 (28 S. E. 2d, 314). It follows that the trial judge did not err in overruling special ground 4 of the motion for a new trial, which assigned error on the direction of the verdict for the defendant.

The cases of *National Life & Accident Ins. Co.* v. *Martin,* 35 *Ga. App.* 1 (132 S. E. 120), *National Life & Accident Ins. Co.* v. *Williams,* 53 *Ga. App.* 677 (187 S. E. 145), *Clubb* v. *American Accident Co.,* 97 *Ga.* 502 (25 S. E. 333), *Guaranty Life Ins. Co.* v. *Johnson,* 60 *Ga. App.* 293 (3 S. E. 2d, 773), *Davis* v. *Kirkland,* 1 *Ga. App.* 5 (58 S. E. 209), and *Fielder* v. *Davison,* 139 *Ga.* 509 (77 S. E. 618), cited and relied on by the plaintiff in error, are distinguishable on their facts from the present case, and the prin-

ciples and rulings stated in those cases do not require or authorize a ruling in the present case different from the one herein made.

■ The court did not err in excluding from evidence the original transfer permit, authorizing the transportation of the corpse of the insured from Milledgeville to Decatur for burial, for any reason assigned in special ground 5 of the motion.

■ Special ground 6 of the motion for a new trial shows no error. It is contended in this ground that the trial judge erred in allowing in evidence the application for insurance, executed by the insured on November 7, 1944, over the objection of the plaintiff that nothing in it appeared to be in the handwriting of the insured, except his signature, and the evidence showed that the insured did not answer the questions contained in it. The uncontroverted evidence showed that the insured signed this application, and there are no pleadings or evidence that he could not read or that he was prevented from reading it before he signed it. Under the facts of this case, the trial judge did not err in allowing the same in evidence.

■ It is contended in special ground 7 of the motion that the court erred in excluding the testimony of a sister of the insured, to the effect that the agent of the defendant company, at the time he handed the insured a receipt for the premiums paid, told the insured that, "if he died before he got to the top of the hill, he would be protected by the insurance." The objections of the defendant to this testimony were that it was irrelevant and immaterial, that the contract of insurance was in writing and would show its provisions, and that the law prohibited an oral contract of insurance. There was no error in excluding the testimony. All contracts of insurance, including life insurance, "to be binding, shall be in writing." Code, §§ 56-801, 56-911. Nor can such a contract be partly in writing and partly in parol. *Athens Mutual Ins. Co.* v. *Evans,* 132 *Ga.* 703 (4) (64 S. E. 993). "The writing being unambiguous, parol evidence as to what was said by the parties at the time it was executed will not be admitted to vary or alter the terms of the writing." *Wheeler* v. *Fidelity & Casualty Co.,* 129 *Ga.* 237, 240 (58 S. E. 709). Moreover, in the present case, the policy specifically provided that it contained the entire agreement between the company and all interested parties, that no agent had the power or authority to change, alter, or waive any of

the provisions of the policy, and that no change, alteration, or waiver of any kind should be made except by endorsement signed by the president or secretary of the company. *Fowler* v. *Preferred Accident Ins. Co.*, 100 *Ga.* 330 (2) (28 S. E. 398).

The evidence demanded the verdict for the defendant, no error of law appears, and the trial judge did not err in overruling the plaintiff's motion for a new trial.

*Judgment affirmed. Parker, J., concurs.*

FELTON, J., concurring specially. The evidence in this case shows that, at the time the application for the insurance was made, the insured was afflicted with the fatal malady which caused his death. The application contained the stipulation that the policy should not be binding unless upon its date and delivery the insured was in sound health. I think that the judgment is correct because of this provision in the application and receipt given to the insured. If the stipulation had been in the policy alone, liability under the policy could have been avoided only by reason of a condition of health which arose between the time of the application and the date and delivery of the policy. *Interstate Life & Accident Ins. Co.* v. *McMahon*, 50 *Ga. App.* 543 (supra); *National Life & Accident Ins. Co.* v. *Mullen*, 64 *Ga. App.* 24 (12 S. E. 2d, 363); *National Life & Accident Ins. Co.* v. *Francis*, 53 *Ga. App.* 249 (185 S. E. 366); *National Life & Accident Ins. Co.* v. *Williams*, 53 *Ga. App.* 677 (supra).