## 32565.  LIBERTY NATIONAL LIFE INSURANCE COMPANY *v.* HEARING.

DECIDED OCTOBER 11, 1949.

*Middlebrooks, Bird & Howell, Newton Craig,* for plaintiff in error.

*Louis M. Tatham,* contra.

GARDNER, J. 1. The general grounds, and special ground 1 (called special ground 5 by counsel), go to the matter of whether or not the evidence supports the verdict. We have given the evidence somewhat in detail, and such evidence does not show that there was a condition which would show fraud in securing the policy. In fact, the evidence discloses that the deceased was perhaps nervous, and not completely developed mentally, deviating somewhat from the norm in this respect, but there is no positive evidence that there was a physical condition known to the applicant at the time of the securing of the policy which would show any fraud, or any unusual health condition. For this reason the general grounds and special ground 1 show no cause for reversal of the findings of the jury, and are therefore without merit.

2. Special ground 2 (called special ground 6 by counsel), contends that it was reversible error for the court to fail to charge the jury that if the insured was not in sound health on the date of the issuance of the policy, that the policy never did take effect and consequently no recovery could be had by the plaintiff. By way of argument, counsel argue the so-called "sound-health" clause should not be extended to industrial type policies where no examination is required, citing as authority for this contention (embraced in special ground 1 also), the case of National Life & Accident Ins. Co. v. Green, 191 Miss. 581 (3 So. 2d, 812, 136 A. L. R. 1510). Counsel also call our attention to 37 C. J., Insurance, p. 404, § 78, as further authority for the contention that the failure of the court so to charge is reversible error, and ask that the cases of Interstate Life & Accident Ins. Co. v. McMahon, 50 Ga. App. 543 (179 S. E. 132), and Fowler v. Liberty National Life Ins. Co., 73 Ga. App. 765 (38 S. E. 2d, 60), be reviewed and reversed insofar as they extend to industrial policies and the interpretation given the "sound-health" clause in policies issued after medical examination. We hold that the foreign decisions cited are not binding on this court, and the facts are different from those in the present case, and we decline to consider reversing the decisions of this court cited above. There must be some method of determining when a person pays insurance policy premiums that such person may expect to benefit therefrom.

We agree that the court should always charge the jury on substantial issues raised in any case, as decided in *Central Railroad Co.* v. *Harris,* 76 *Ga.* 501, 511, and in many other cases, but we do not agree that the court failed to do this in the instant case. There is no merit in this ground.

The court did not err in overruling the amended motion for a new trial for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*