34649. PROGRESSIVE FIRE INSURANCE COMPANY
*v.* BRINSON.

DECIDED JUNE 19, 1953—REHEARING DENIED JULY 2, 1953.

*Forester & Calhoun,* for plaintiff in error.

*Titus, Altman & Johnson,* contra.

FELTON, J. The loss sued for occurred on October 26, 1952. The policy sued on was dated October 27, 1952. It is contended by the defendant insurance company that, because the policy was dated the 27th, it was not in effect on the 26th. The plaintiff contends that, because of the course of dealings between the parties, the policy became effective before the date set out in the policy and was in effect at the time of the loss. We agree with the plaintiff's contentions. On October 3, 1952, the defendant accepted from the plaintiff an application for the policy sued on and two weekly premiums in the total sum of ninety cents. On October 25, 1952, "Prentice E. Forrester delivered said policy of fire insurance [and] he solicited and received from the plaintiff an additional premium of ninety cents and signed the plaintiff's receipt book showing the receipt of four weekly premiums of forty-five cents each, *and insuring the plaintiff as aforesaid through the week of November 3, 1952.*" (Emphasis supplied.)

It was held in *Life & Casualty Ins. Co. of Tenn. v. Palmer,* 48 *Ga. App.* 380, 381 (2) (172 S. E. 823), that, where a receipt is given to an applicant for insurance, by a local agent of a life insurance company, for the first premium upon a policy of life insurance, and the money is forwarded to the home office of the company and there accepted as the first payment upon the policy, and the policy is issued and forwarded to the local agent for delivery to the insured, the contract of insurance becomes effective on the acceptance of the premium by the company and the issuance of the policy, notwithstanding the policy may, according to its terms, take effect at a later date.

Only a general demurrer was filed in the instant case. Properly construing the petition as against a general demurrer, it alleges that on October 25, 1952, Forrester, the defendant's general agent, delivered the policy issued by the defendant and collected two weekly premiums thereon, *applying* those premiums and the premiums previously received to the period from October 3, 1952, to November 3, 1952. Nothing to the contrary being shown, Forrester, a general agent, had authority to receive

and so apply the premiums and deliver the policy. Story on Agency, § 317; *New York Life Ins. Co.* v. *Rhodes*, 4 *Ga. App.* 25, 29 (60 S. E. 828). Construing the petition that the defendant received premiums for and applied them to the period from October 3 to November 3, 1952, and delivered the policy on the date it so applied the premiums, the policy was in effect on October 26, 1952, the date of the loss, regardless of the date set out in the policy.

A reading of the cases of *Fowler* v. *Preferred Accident Ins. Co.*, 100 *Ga.* 330 (28 S. E. 398), *Boswell* v. *Gulf Life Ins. Co.*, 197 *Ga.* 269 (29 S. E. 2d 71), and *Penn Mutual Life Ins. Co.* v. *Blount*, 165 *Ga.* 193 (140 S. E. 496), will show that those cases are not applicable to the facts here alleged.

The petition alleged a good cause of action as against a general demurrer, and the court did not err in overruling such demurrer.

*Judgment affirmed. Sutton, C. J., and Worrill, J., concur.*