35288. NATIONAL LIFE & ACCIDENT INS. CO. *v.* GOOLSBY.

362

DECIDED JANUARY 18, 1955.

*William F. Buchanan, Newell Edenfield, Lamar W. Sizemore,* for plaintiff in error.

*J. C. Bowden,* contra.

CARLISLE, J. ■ By the terms of the Practice and Procedure Act, as amended in the November-December Session of the General Assembly in 1953, it is a condition precedent to a motion for judgment notwithstanding the verdict that a motion for a directed verdict must have been made and denied (Ga. L. 1953, Nov-Dec. Sess., pp. 440, 444; Code, Ann. Supp., § 110-113); and where, in the bill of exceptions assigning error on the denial of the motion for judgment notwithstanding the verdict, it is not made to appear that such condition precedent was complied with, no question is presented for determination on the denial of the motion for judgment notwithstanding the verdict.

■ The general grounds of the motion for new trial will be considered in connection with special ground 1, which assigns error on a charge of the court, as follows: "If, on the other hand, gentlemen, you should find that the application was not properly filled out and that certain information was given to the agent in this case [concerning operations had by the insured prior to the application], which information was not included in the application, but was affirmatively given to the agent, I instruct you that information would be considered as having been passed on to the company and as a part of the application in the case."

"A provision in a life-insurance policy, issued without medical examination and without the application being attached to and made a part thereof, that it shall not take effect unless on the date of delivery the insured is in sound health, refers to a change in health between the time of taking the application for the insurance and the date of delivery of the policy; and where the condition of the health of the insured on the date of delivery of the policy is the same as on the date of application, such provision will not avoid the policy." *Interstate Life &c. Ins. Co.* v. *McMahon,* 50 *Ga. App.* 543 (2) (179 S. E. 132). See also *Liberty National Life Ins. Co.* v. *Hearing,* 80 *Ga. App.* 81 (2) (55 S. E. 2d 641).

The evidence here demands a finding that the condition of the insured was the same upon the delivery of the policy as when application was made for the insurance, and this condition was that she was suffering from the cancerous condition from which she died. The evidence does not demand a finding that either the insured or the plaintiff knew this condition existed, but does demand the finding that they knew of the recent operation on her breast, and that, had the defendant been informed of the facts, even as the plaintiff understood them according to his testimony, the company might have been put on inquiry as to the true physical condition of the applicant. Accordingly, the single controlling issue in the case was whether or not the insurance agent was informed of this hospitalization, and, if so, what the effect of that information would be on the validity of the policy where it was not communicated by the agent to the insurer. The first is a question of fact; the second, of law. As to the first, either the applicant falsely answered the questions relating to hospitalization, or they were answered correctly and the agent falsely wrote the negative, instead of the affirmative response into the application. This presented a jury question which was resolved in favor of the plaintiff. See *Gulf Life Ins. Co.* v. *Moore,* 90 *Ga. App.* 791 (84 S. E. 2d 696). The court charged that, should the jury so find, they should consider the information as though it were a part of the application for insurance which had been passed on to the defendant insurer, and special complaint is made of this charge. However, in *Clubb* v. *American Accident Co.,* 97 *Ga.* 502 (25 S. E. 333) the following

was held: "Where soliciting and forwarding applications for policies of insurance was within the scope of the duties of an agent of an insurance company, and such agent undertook to prepare for another an application for insurance and wilfully inserted therein a false answer to a material question, he will be regarded in so doing as the agent of the company and not of the applicant, and the agent's knowledge of the falsity of the answer will be imputed to the company." This decision was followed in *Stillson* v. *Prudential Ins. Co.*, 202 *Ga.* 79, 83 (42 S. E. 2d 121), with the following comment: "It must be remembered that in the instant case the beneficiary is suing on the policy just as it is written; the defendant company seeks to avoid the contract of insurance, notwithstanding its agent practiced a fraud upon both the insured and the insurance company, if the contentions of the plaintiff are believed by the jury. If the plaintiff's contentions are true, then we think that the company which made it possible in the first instance for the agent to perpetrate the fraud should suffer rather than the other innocent party." In arriving at this conclusion, the Supreme Court disapproved the contrary ruling in *National Accident &c. Ins. Co.* v. *Davis,* 179 *Ga.* 595 (176 S. E. 387), which latter was based in part on the cited authority of *Reliance Life Ins. Co.* v. *Hightower,* 148 *Ga.* 843 (98 S. E. 469), and *New York Life Ins. Co.* v. *Patten,* 151 *Ga.* 185 (106 S. E. 183), the same cases particularly relied upon by the plaintiff in error here, together with *American National Ins. Co.* v. *Floyd,* 34 *Ga. App.* 541 (130 S. E. 531) (in which latter case the *Hightower* and *Patten* cases were cited as controlling authority). *Stillson* v. *Prudential Ins. Co. of America,* supra, was subsequently followed by this court in the similar case of *Barber* v. *All American Assurance Co.,* 89 *Ga. App.* 270 (79 S. E. 2d 48), where the *Stillson* case was construed as holding that the fraudulent act of an agent in writing false answers on an application for insurance would bind the company to knowledge of what the true answers would have revealed, without the necessity of the plaintiff showing further fraud on the part of the agent in preventing the applicant from knowing the contents of the application after it was written. However, the present case is stronger for the plaintiff than either the *Stillson* or *Barber* cases, in that here the application was not attached to the policy and so did

not become a matter of contract between the parties, and also because it affirmatively appears that the applicant did not read the application after it was written, but, when it was offered to her, merely handed it back with the comment that she did not understand it, leaving the sales agent with the impression that she was unable to read.

There was no error in the charge of the court, and the general grounds of the motion for new trial are without merit.

■ By the terms of Code § 70-205, it is provided that, "when a motion for a new trial is made on the ground of newly discovered evidence, it must appear by affidavit of the movant and each of his counsel that they did not know of the existence of such evidence before the trial, and that the same could not have been discovered by the exercise of ordinary diligence." The second special ground of the motion for new trial, based on newly discovered evidence, is fatally defective. By the clear and unambiguous mandate of the statute there must be an affidavit that diligence was exercised by the movant and each of his counsel. No affidavit made in behalf of the movant insurance company appears, and this is a fatal defect. *Southern Fertilizer &c. Co.* v. *Carter*, 21 *Ga. App.* 282 (2b) (94 S. E. 310). Only one of movant's counsel, of which there were two of record, has made affidavit that he exercised the required diligence, and this is likewise a fatal defect. *Verdery* v. *Campbell*, 203 *Ga.* 211 (1) (46 S. E. 2d 66). This ground furnished no basis for the grant of a new trial.

The trial court did not err in overruling the motion for a new trial as amended or in overruling the motion for judgment notwithstanding the verdict.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*