36860.   INTERSTATE LIFE & ACCIDENT INSURANCE COMPANY *v.* ANDERSON.

DECIDED OCTOBER 30, 1957.

*J. Cecil Davis,* for plaintiff in error.
*Randall Evans, Jr.,* contra.

FELTON, C. J.   ■ The defendant contends that it only owes a return of the premiums paid because the policy never became effective in that the policy contained a provision that it should not take effect if the insured was not alive and in sound health on the date of the policy and that the insured was not in sound health on the date of the policy. The application for insurance was not made a part of the policy. A provision in a life insur-

ance policy, issued without the application being attached to and made a part thereof, that it shall not take effect unless on the date of policy delivery the insured is in sound health, refers to a change in health between the time of taking the application for the insurance and the date of the policy; and where the condition of health of the insured on the date of the policy is the same as on the date of the application, such provision will not avoid the policy.' *Family Fund Life Ins. Co.* v. *Rogers,* 90 *Ga. App.* 278, 281 (82 S. E. 2d 870); *National Life & Accident Ins. Co.* v. *Strickland,* 91 *Ga. App.* 179, 185 (85 S. E. 2d 461); *National Life & Accident Ins. Co.* v. *Goolsby,* 91 *Ga. App.* 361, 364 (85 S. E. 2d 611); *Gulf Life Ins. Co.* v. *Griffin,* 80 *Ga. App.* 730, 733 (57 S. E. 2d 296).

The application was dated July 26, 1954. The policy was issued on August 9, 1954. The insurance company does not contend that there was a change in the insured's health between the date of the application and the date of the policy but contends that since the insured was fatally ill with chest cancer on the date of the application, he was not in good health either on the date of the application or on the date of the policy, and therefore, by the terms of the policy, the policy never became effective. This latter contention is without merit because of the rule of law stated above. The sole question for determination since the application was not attached to the policy is whether there was a change in the insured's health between the date of the application and the date of the policy. Since the evidence demanded a finding that there had been no such change in the insured's condition, which the defendant does not dispute, the policy became effective and binding on the insured.

The insurance company contends that the above-stated rule of law applies only if the insured paid a premium at the time the application was taken and that in this case no premium was paid at the time the application was taken. This contention is without merit. A study of the above-cited cases and the cases cited in such cases will show that whether or not a premium accompanied the application did not bear on the legal conclusions reached in such cases. As authority for its contention, the insurance company cites the case of *Life & Casualty Ins. Co. of Tenn.* v. *Palmer,* 48 *Ga. App.* 380 (2) (172 S. E. 823), wherein

it is stated: "Where a receipt is given to an applicant for insurance by a local agent of a life-insurance company, for the first premium upon a policy of life-insurance, and the money is forwarded to the home office of the company, and there accepted as the first payment upon the policy, and the policy is issued and forwarded to the local agent for delivery to the insured, the contract of insurance becomes effective upon the acceptance of the premium by the company and the issuance of the policy, notwithstanding the policy may, according to its terms, take effect at a later date." That case is not authority for the insurance company's contention but merely holds that where a premium accompanies the application and the application is accepted by the insurance company and a policy is issued "the contract of insurance becomes effective upon the acceptance of the premium by the company and the issuance of the policy, notwithstanding the policy may, according to its terms, take effect *at a later date.*" (Italics ours.)

■ A verdict for interest, penalty and attorney's fees was also authorized since the evidence demanded a finding that there was no change in condition in the plaintiff's health between the date of the application and the date of the policy, and since the defendant did not contend that there had been such a change but based its defense on a principle of law clearly not applicable to the facts of the case which were fully within the knowledge of the defendant. *Guaranty Life Ins. Co.* v. *Martin,* 44 *Ga. App.* 545 (2) (162 S. E. 288).

The court did not err in denying the motion for a judgment notwithstanding the verdict and the motion for a new trial.

*Judgments affirmed. Quillian and Nichols, JJ., concur.*