## 37237. GULF LIFE INSURANCE COMPANY
### *v.* BOHANNON.

CARLISLE, Judge. Where the petition as finally amended and the exhibits attached thereto in this suit on a policy of life insurance showed that the proposed insured made application on July 3, 1954, to the defendant company for a policy of life insurance which application signed by him contained an

agreement that the insurance applied for should not take effect unless and until the policy was delivered to and received by him while he was in good health and free from injury, and that the application had been accepted by the company and a policy issued and delivered on or before July 20th to the company's agent for delivery to the insured and containing the proviso that it should not take effect unless on the date of delivery thereof the insured was alive and in sound health and that the insured was killed in an automobile accident on July 22, 1954, and the policy was delivered by the company's agent to the plaintiff-beneficiary on July 23, 1954, the petition was not subject to general demurrer. The facts of this case are not materially different from those in *New York Life Ins. Co.* v. *Babcock*, 104 *Ga.* 67 (30 S. E. 273, 42 L. R. A. 88, 69 Am. St. R. 134), and the ruling in that case and in *Glover* v. *New York Life Ins. Co.*, 27 *Ga. App.* 615 (109 S. E. 546), are controlling on the issues made by the general demurrer in this case. The case of *Newton* v. *Gulf Life Ins. Co.*, 55 *Ga. App.* 330 (190 S. E. 69), relied on by counsel for the plaintiff in error, is distinguishable from the instant case in that in that case the insured was killed four days prior to the date of the policy which was not to be delivered prior to its date and then only if the insured was alive and in good health at that time.

*Judgment affirmed.* *Gardner, P. J., and Townsend, J., concur.*

DECIDED SEPTEMBER 30, 1958—
REHEARING DENIED OCTOBER 23, 1958.

*Tindall & Tindall, J. D. Tindall, J. D. Tindall, Jr., Finley, Henson & Greene, J. F. Kemp,* for plaintiff in error.
*Jere F. White,* contra.