## 37976. GULF LIFE INSURANCE COMPANY *v.* BOHANNON.

DECIDED JANUARY 5, 1960—REHEARING DENIED JANUARY 21, 1960.

*Tindall & Tindall, Joseph D. Tindall, Jr., J. F. Kemp, Henson & Greene, W. B. Greene,* for plaintiff in error.

*Jere F. White,* contra.

CARLISLE, Judge. In the view which we take of this case, the evidence did not authorize the verdict for the plaintiff but in fact demanded a verdict for the defendant, and the trial court, consequently, erred in refusing to direct a verdict for the defendant and in thereafter refusing to grant a judgment for the defendant in accordance with the motion for a directed verdict.

As contended by counsel for both parties, there were three issues of fact in the case. Two of those issues related to the correct date on the policy of insurance and to the amount of monthly premium paid by the insured with his application. As to these two issues, the evidence was in conflict and the jury were authorized to find in accordance with the contentions of either party as to them.

However, as to the third issue, that is, whether the policy of insurance was sent to the agent for unconditional delivery or not, the evidence was not in conflict and it did not authorize the verdict rendered. The plaintiff's case as made by the pleadings, and as shown on the previous appearance of the case before this court (98 *Ga. App.* 442), was dependent on proof of the allegation that the policy had been sent by the company to its agent for unconditional delivery to the insured. The only evidence introduced by the plaintiff touching on this point was that the agent stated to her when he brought the policy to her that he had had the policy in his possession for several days but had just not been able to get around to delivering it to the insured, and her further testimony that the amount of monthly premium shown by the receipt to have been paid by the insured with his application was $2.56.

Certainly the statement of the agent that he had had the policy in his possession for several days, even if made, was not

sufficient to show that he had the policy for unconditional delivery.

With respect to the amount of premium paid, the company's evidence tended to show that the premium paid by the insured was $2.32, which was the rate applicable to a standard risk for a person of the insured's age; that when the application was processed in the home office, the actuary rated the policy up and determined that the proper rate based on the insured's condition of health as shown by his application was $2.56, the uncontradicted testimony was that the agent had no access to the tables for anything other than standard rates and that any changes or any "rating up" had to be done at the home office. The defendant's evidence showed without contradiction that the policy in this case had been "rated up" in the home office and issued subject to its acceptance by the insured at the revised rate. This was not an unconditional acceptance of the insured's application, and when the policy was issued on a "rated up" basis and forwarded to the agent for delivery to the insured, provided he accepted it on that basis, it was not such an unconditional acceptance of his application as to bring the case within the unconditional delivery rule set forth in such cases as *New York Life Ins. Co.* v. *Babcock,* 104 *Ga.* 67 (30 S. E. 273, 42 L. R. A. 88, 69 Am. St. Rep. 134); and *Glover* v. *New York Life Ins. Co.,* 27 *Ga. App.* 615 (109 S. E. 546). See *Newton* v. *Gulf Life Ins. Co.,* 55 *Ga. App.* 330 (190 S. E. 69); Texas Life Ins. Co. *v.* Mansel (Texas Civ. App.), 105 S. W. 2d 899, 902. Assuming that the agent had had the policy in his possession prior to the death of the insured, he did not have it for unconditional delivery to the insured but had it for the purpose of making to the insured a counter-offer which the insured could have accepted or rejected. There was no binding contract of insurance until the insured actually accepted the counter-proposal of the defendant. *National Life &c. Ins. Co.* v. *Hamby,* 81 *Ga. App.* 463 (59 S. E. 2d 278). The evidence that the insured had been given a receipt for $2.56 which was the amount of rated up premium due was not sufficient to overcome the uncontradicted evidence that the policy had been delivered to the agent with the condition that the insured accept the policy on a "rated up" basis before it should become effective, attached to its delivery.

It follows that the evidence not only did not authorize the verdict for the plaintiff but in fact demanded a verdict for the defendant, and the trial court erred in denying the motion for a judgment n. o. v.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*