### 39713. LIBERTY NATIONAL LIFE INSURANCE COMPANY v. HOPKINS.

---

DECIDED NOVEMBER 6, 1962.

*Henry A. Stewart, Sr.*, for plaintiff in error.

*Howe & Murphy, Harold L. Murphy, Don B. Howe, Jr.*, contra.

JORDAN, Judge. The undisputed evidence in this case discloses that the application for insurance was made on July 4, 1960 (although the application was dated July 7, 1960) and that the policy was issued on July 18, 1960. The application was not attached to and made a part of the policy. It is also undisputed that the applicant was apparently in sound health when the application was made on July 4, 1960, but that she was subsequently hospitalized on July 7, 1960, and was operated upon on July 13, 1960, at which time it was discovered that she had cancer of the liver and pancreas in an advanced stage. The applicant died on October 5, 1960. This evidence demanded a finding that the applicant was not in sound health on the date that the policy was issued by the defendant insurance company.

It is insisted therefore by the defendant company that the

trial court erred in denying its motion for judgment notwithstanding the verdict since the contract of insurance sued upon in this case expressly provided that: "This policy shall take effect on its date of issue, provided the insured is then alive and in sound health, but not otherwise."

That the parties to an insurance contract can make the issuance of the policy while the insured is in sound health a valid and binding condition precedent to the liability of the company is without question. *Glover v. New York Life Ins. Co.*, 27 Ga. App. 615 (109 SE 546). Such requirement in a policy of insurance, however, that the insured be in sound health on the date of issuance of the policy, refers to a change in health between the time of taking the application for the insurance and the date of issuance and delivery of the policy; and where the condition of health of the insured on the date of issuance of the policy is the same as on the date of application, such provision will not void the policy. *Interstate Life &c. Ins. Co. v. McMahon*, 50 Ga. App. 543 (2) (179 SE 132); *Fowler v. Liberty Nat. Life Ins. Co.*, 73 Ga. App. 765 (38 SE2d 60).

It is thus contended by the plaintiff beneficiary that a verdict for the insurance company was not demanded because of the above stipulation in the policy of insurance since the jury was authorized to find that the applicant's cancer existed at the time the application for insurance was made although its existence was unknown to her at that time; and under such circumstances a finding was not demanded that there had been a change in the insured's health between the date of the application and the date of the issuance of the policy.

This contention is without merit. The term "sound health," as used in a life insurance policy means that the insured enjoys such health and strength as to justify the reasonable belief that he is free from derangement of organic functions, or free from symptoms calculated to cause reasonable apprehension of such derangement, and to ordinary observation and to outward appearance his health is reasonably such that he may with ordinary safety be insured upon ordinary terms, and that he apparently has no grave impairment or serious disease or other ailment that seriously affects the general soundness and healthfulness of the

system. *Life &c. Ins. Co. of Tenn. v. Higdon,* 67 Ga. App. 679 (21 SE2d 270), and citations.

Likewise, the term, "change in health," as applied in the present case has been held to mean an apparent or manifested change in condition of health of the insured between the date of application and the date of issuance and delivery of the policy. *Pierce v. Life Ins. Co. of Virginia,* 50 Ga. App. 337, 342 (178 SE 189). The policy under consideration in the *Pierce* case provided that, "no obligation is assumed by the company prior to the date and delivery of this policy, nor unless on said date the insured is alive and in sound health;" and in that case the evidence disclosed that the applicant for insurance was seemingly and to outward appearance in good health when the application for insurance was made, but that as a matter of fact the applicant, unknown to himself, was in the last stages of a fatal disease; and that such disease manifested itself and was discovered by his doctor subsequently to the date of application but prior to the date of delivery of the policy. Accordingly, it was held therein that the court did not err in directing a verdict for the defendant insurance company since the contract of insurance had not been consummated for the reason that the applicant was not in sound health on the date of the delivery of the policy as required by the above provision of the policy.

The case of *National Life &c. Ins. Co. v. Martin,* 35 Ga. App. 1 (2) (132 SE 120), relied upon by the plaintiff beneficiary, is not applicable here. In that case it was held that where the insured was apparently in sound health *on the date the policy was issued,* the policy could not thereafter be avoided by the insurance company by reason of the fact that the insured had been afflicted with an incipient, unknown, and fatal malady at the time the policy was issued which had not at that time manifested itself or in any way deranged, impaired, or affected the general soundness and healthfulness of the insured's system.

In the present case the applicant's unsound condition of health manifested itself before the policy was issued but subsequently to the application, and this case is therefore controlled by the *Pierce* case, supra. Accordingly, since the evidence demanded a finding that the applicant was not in sound health on the date

of issuance of the policy, and the same being a condition precedent to the liability of the defendant insurance company (no question of waiver of said condition being involved in this case), the trial court erred in refusing to grant the defendant company's motion for judgment notwithstanding the verdict made in accordance with its previous motion for a directed verdict.

*Judgment reversed with direction that the trial court enter judgment for the defendant in accordance with its motion for judgment notwithstanding the verdict. Nichols, P. J., and Frankum, J., concur.*