### 41180. BROWN v. INTERSTATE LIFE & ACCIDENT INSURANCE COMPANY.

HALL, Judge. The plaintiff brought this action as the beneficiary of a life insurance policy issued to her son, and assigns error on the judgment of the trial court sustaining the defendant insurer's general demurrer to her petition. The petition alleged that on August 27, 1963, the insured made application and paid to the insurer's agent the weekly premium on the policy, which was 22¢; that on August 30, 1963, the insurer's agent delivered the policy to the insured and collected a second weekly premium; that on September 1, 1963, the insured received injuries in an automobile accident rendering him unconscious, and on September 3, 1963, he died from these injuries. The policy stated "Date of issue 9/2/63" and provided "No obligation is assumed by the Company prior to the date hereof. This policy shall not take effect if the Insured is not alive, free from bodily injury and in good health on the date hereof. This Policy contains the entire agreement between the Company and all parties at interest; . . ." *Held:*

When a policy provides that the insurer is not bound or does not assume any obligation unless at the date thereof the insured is alive and in good or sound health, such a provision is a valid condition precedent to liability on the part of the in-

surer, and there can be no recovery on the policy where it appears that the insured was not in sound health at the date thereof. *Boswell v. Gulf Life Ins. Co.*, 197 Ga. 269, 273 (29 SE2d 71); 44 CJS 992, § 237.

In the absence of allegations to show that the premiums were received and applied by the insurer to cover a date prior to that stated in the policy as the date of commencement, as in *Progressive Fire Ins. Co. v. Brinson,* 88 Ga. App. 498, 500 (76 SE2d 807) (see 12 Appleman, Insurance Law and Practice, 1964 Supp. 56, § 7172), or that the insurer was in some way estopped from asserting non-liability or had waived the condition that the policy should not take effect if on its date the insured was not free from bodily injury and in good health, the petition did not state a cause of action. *Boswell v. Gulf Life Ins. Co.*, 197 Ga. 269, supra; *Strickland v. Gulf Life Ins. Co.*, 70 Ga. App. 365 (28 SE2d 314); *Fowler v. Liberty Nat. Ins. Co.*, 73 Ga. App. 765 (38 SE2d 60); accord *Pilgrim Health &c. Ins. Co. v. Milledge*, 107 Ga. App. 77 (129 SE2d 80); see *Life & Cas. Ins. Co. of Tenn. v. Williams*, 200 Ga. 273 (36 SE2d 753, 161 ALR 686); 44 CJS 1105, § 276. The holding in Division 2 of *Life & Cas. Ins. Co. of Tenn. v. Palmer*, 48 Ga. App. 380, 381 (172 SE 823), appears not to be in accord with the decision in *Boswell v. Gulf Life Ins. Co.*, supra, and is not controlling.

The trial court did not err in sustaining the defendant's demurrer.

*Judgment affirmed. Bell, P. J., and Frankum, J., concur.*

ARGUED MARCH 3, 1965—DECIDED APRIL 13, 1965.

*L. D. Skaggs,* for plaintiff in error.