44383. NATIONAL LIFE & ACCIDENT INSURANCE
COMPANY v. CREW.

Submitted April 9, 1969—Decided April 24, 1969.

574

*Orr & Kopecky, Wilbur A. Orr,* for appellant.

*Lawson E. Thompson,* for appellee.

EBERHARDT, Judge. 1. The testimony of the underwriter, which is the only testimony relating to the materiality of the risk, appears to be somewhat contradictory. In one instance he testifies that elevated blood pressure is one of the things for which the premium rate is increased, although he does not indicate to what extent the blood pressure must be raised for a premium rate increase. In another instance he testifies that if the question had been answered in the affirmative, indicating a

high blood pressure, he could not give a positive answer to the question of whether this fact alone, independent of the degree or extent of high blood pressure, would require a higher rate than the rate for which the policy was issued. The doctor's testimony was that the hypertension was moderate. Under this testimony and the testimony of the underwriter, which would indicate that the extent of the high blood pressure would determine the premium rate, a verdict for the company was not demanded, and the case was properly submitted to the jury to reconcile any conflicts in the underwriter's testimony under the principle that the materiality of false representations, when not indisputably established by the evidence, is a matter for determination by a jury. *Life & Cas. Ins. Co. v. Burkett*, 38 Ga. App. 328, 336 (144 SE 29); *Preston v. Nat. Life &c. Ins. Co.*, 196 Ga. 217, 237 (26 SE2d 439, 148 ALR 897); *Brown v. Mut. Life Ins. Co.*, 29 Ga. App. 794 (1) (116 SE 559); *Empire Life Ins. Co. v. Jones*, 14 Ga. App. 647 (3) (82 SE 62); *Globe Indem. Co. v. Hall*, 94 Ga. App. 628 (95 SE2d 759). As stated in *Gilham v. Nat. Life &c. Ins. Co.*, 104 Ga. App. 459, 462 (122 SE2d 164): "It must be remembered that an issue as to material misrepresentations, like questions as to negligence, proximate cause and similar matters, should ordinarily be submitted to the jury. Only where the evidence as a whole excludes every reasonable inference but one may the court so rule as a matter of law. *Preston v. Nat. Life &c. Ins. Co.*, 196 Ga. 217, supra."

Under other circumstances the misrepresentation might have been material as a matter of law. See *Metropolitan Life Ins. Co. v. James*, 37 Ga. App. 678 (141 SE 500).

2. The request that we assess damages on the ground that the appeal was filed for the purpose of delay only is denied.

*Judgment affirmed. Bell, P. J., and Deen, J., concur.*