## 44588. GEORGIA INTERNATIONAL LIFE INSURANCE COMPANY v. KING.

Argued July 8, 1969—Decided November 20, 1969.

*Hull, Towill & Norman, Wyck A. Knox, Jr., Robert C. Norman,* for appellant.

*Cumming, Nixon, Eve, Waller & Capers, Richard E. Allen, Henry P. Eve,* for appellee.

DEEN, Judge. Under *Code Ann.* § 56-2402 the contract of insurance includes all "clauses, riders, endorsements and papers attached . . . thereto *and* a part thereof." The policy here states in one of its clauses: "The policy and the application, a copy of which is attached, constitute the entire contract. . . No statement shall void the policy or be used in defense of a claim unless it is contained in the application." "As regards separate papers physically attached [to the insurance policy], the modern trend of authority is to the effect that complete absence or insufficiency of reference in the policy proper to the attached paper, or vice versa, whereby there can be no certainty that the parties intended the attached paper to become a part of the whole contract of insurance, precludes its inclusion or construction in connection therewith." 128 ALR, Anno., pp. 1034, 1042 and cit., and see Alldredge v. Security Life & Trust Co.,

265 Ala. 470 (92 S2d 26); Pritchett v. Herman Farmers' Mut. Ins. Co. of Dodge County, 201 Wis. 521 (230 NW 706).

It is clear from the above that the paper on which the insurer relies, a copy of which was physically attached to the policy by it, must also be shown to have been intended as a part of the policy, or a part of the application which is also attached to and expressly recited to be a part of the policy, before it may be considered in relation to *Code Ann.* § 56-2409 as a defense material to the acceptance of the risk or hazard assumed or that the insurer would not have issued the policy if the true facts had been known. Fraud is also included as a ground of defense in *Code Ann.* § 56-2409, but fraud in the inducement is of course of itself sufficient to void a contract regardless of this code section.

Is the paper signed by the defendant at the time of delivery a part of this life insurance policy? It is headed "Statement of Good Health and Insurability Completed as a Condition to the Delivery or Change of Policy No. 240 on the life of Edward Walter King." It was signed by the defendant at the time of delivery on February 1 and contained a printed statement that he had not consulted or been examined by a physician since the date of the original application. The word "None" after "Exceptions" was added by the insurance broker the following day when he signed the attestation. Neither the policy nor the application makes reference to any requirement of a statement of good health between the time of application and medical examination and the delivery of the policy. The testimony is that this is not requested by the company except when there is a considerable delay between the two events. The statement refers neither to the policy or application therefor but specifically states that it is a condition to delivery. It was in fact signed by the defendant, and the condition was thus met. We are therefore faced with the fact that nothing in the language of either the policy, the application, or the statement indicates that the statement is intended as part of the contract, while on the other hand there is an affirmative statement in the heading that it is intended as a condition of delivery of the policy, thus by inference excluding it as a *part* of the application. This

view is supported by the fact that there was also attached to the policy a rider denominated "Amendment to Application" which contained a coverage exclusion. While captions of insurance forms are not conclusive, they are to be read in connection with the clauses inserted under them as an aid in arriving at the intention of the parties. *Dodson v. Newark Ins. Co.,* 111 Ga. App. 780 (143 SE2d 445). The company had a right to demand a condition precedent to the delivery of the policy it had issued because, having re-rated the premium, the delivery was conditional and subject to acceptance or rejection by the proposed insured. *Gulf Life Ins. Co. v. Bohannon,* 101 Ga. App. 58 (112 SE2d 801). Considering the contract as a whole, it is perfectly obvious that the completion of Statement of Insurability was an inducement and condition precedent to the *delivery* of the policy but was not a part of the *application for* it. Accordingly, the question of whether it contained a misstatement material to the risk, while relevant to the question of fraud in the inception, is not a ground for cancellation under *Code Ann.* § 56-2409.

Whether a misrepresentation is fraudulent or material is ordinarily a jury question. *Brown v. Mutual Life Ins. Co. of N. Y.,* 29 Ga. App. 794, 795 (116 SE 559); *Gilham v. Nat. Life & Acc. Ins. Co.,* 104 Ga. App. 459, 462 (122 SE2d 164); *Nat. Life & Acc. Ins. Co. v. Crew,* 119 Ga. App. 573 (168 SE2d 181). It goes without saying that if construction of these documents is needed it must be against the insurance company which prepared them, and if construction of the evidence is needed it must be against the plaintiff movant. Under policy provisions a misrepresentation in the statement of insurability cannot void the claim unless this document is a part of the application. By its own terms it cannot be so considered. The trial court properly denied the plaintiff's motion for summary judgment.

*Judgment affirmed. Pannell and Whitman, JJ., concur. Bell, P. J., and Eberhardt, J., disqualified.*