Tilman M. DICKERSON,
et al., Plaintiffs,

v.

LIFE OF AMERICA INSURANCE
COMPANY, et al., Defendants.

No. 5:93–cv–250–2 (WDO).

United States District Court,
M.D. Georgia,
Macon Division.

Aug. 3, 1995.

William C. Lanham, Clark H. McGehee, Atlanta, GA, for Tilman M. Dickerson, Margaret A. Dickerson.

Kaye Olivia Woodard, Atlanta, GA, A. William Loeffler, Atlanta, GA, Jeffrey Lloyd Joyce, Houston, TX, Wallace Miller, III, Craig Cowart, Macon, GA, for defendants.

### ORDER

OWENS, District Judge.

Before the court are defendants' motions for summary judgment and to strike certain types of evidence offered by plaintiffs. After careful consideration of the arguments of counsel, the relevant caselaw, and the record as a whole, the court issues the following order.

### A. Summary Judgment

Defendants maintain their entitlement to summary judgment on all of plaintiffs' claims. Defendants would show the court that the rate increases at issue here are "reasonable" as a matter of law. Because they complied with the specific terms of the contract of insurance and because the deposition testimony of independent actuaries and employees of Georgia's insurance commission supports their conclusion that their actions were "reasonable" under the contract terms, defendants claim this court should answer the "reasonable" question in their favor.

In the court's considered judgment, what the parties intended, or contemplated, as "reasonable" rate increases can only be answered by a jury. See U.S. Life Title Ins. Co. v. Hutsell, 164 Ga.App. 443, 296 S.E.2d 760 (1982). To the extent that a claim asserted herein depends upon questions of intent or "reasonableness" of rate increases, a jury must hear the facts. Any questions concerning defendants' intent to defraud must be placed before a jury as well. See McLendon v. Georgia Kaolin Co., Inc., 782 F.Supp. 1548, 1560 (M.D.Ga.1992) (defendant's knowledge and intent are generally questions for the jury).

Defendants' motion for summary judgment is **DENIED** as to those counts involving questions of reasonableness and intent. The court also finds the record's development premature for consideration of summary judgment on plaintiffs' claims that are independent of the foregoing jury questions, viz., intentional infliction of emotional distress, statutory violations, and confidential relationships. Defendants' summary judgment motion as to those counts will be **CARRIED WITH THE CASE** until such time as the fullness of the record indicates those theories to be submitted to the jury.

### B. Motion to Strike Evidence

In the court's considered judgment, defendants' motion to strike "parol contemporaneous evidence" offered by plaintiffs should be

denied. Defendants cite O.C.G.A. § 24–6–1 for the proposition that such evidence cannot be offered to vary or contradict the terms of a written instrument. In the court's opinion, however, any "parol contemporaneous evidence" being offered by the plaintiff is not being offered for that purpose; rather, it is offered to prove those claims predicated upon allegations of fraud. Furthermore, the court in *Fowler v. Liberty Nat'l Life Ins. Co.*, 73 Ga.App. 765, 770, 38 S.E.2d 60 (1946), cited by defendants, assumed that the writing containing the contract of insurance to be construed was "unambiguous" when it found that parol evidence was not to be admitted to vary or contradict the terms of the writing. In the court's considered judgment on the basis of a limited record, the writing at issue here is not unambiguous, and on this basis is distinguished from that in *Fowler*. Defendants' motion is accordingly **DENIED.**

**SO ORDERED.**